JAMES G. KING and another, Plaintiffs in Error, *v.* THE MAYOR, etc., of New York, Defendants in Error.

The proceeding under the Revised Laws of 1813 (ch. 86) to determine what compensation shall be made as damages for taking lands to be laid out for squares, avenues and streets in the city of New York, is a special proceeding under the Code of Procedure.

A writ of error does not lie to this court to review an order of the General Term dismissing an appeal thereto, from an order of the Special Term, made in such proceeding.

In such proceeding, the confirmation of the report of the commissioners of estimates and assessments, by the Supreme Court, is final and conclusive upon all persons, and cannot be reviewed.

*W. Tracy,* for the plaintiffs in error.

*R. O'Gorman,* for the defendants in error.

DAVIES, Ch. J. This matter is brought before us by a writ of error, through the instrumentality of which the plaintiffs in error seek to review an order or judgment of the Supreme Court, dismissing an appeal taken by the plaintiffs in error, from an order of the Special Term. Said order at Special Term was made in a proceeding instituted by the mayor, aldermen and commonalty of the city of New York, under chapter 86 of the Revised Laws of 1813, for the purpose of ascertaining the compensation to be made to the owners of a certain piece or parcel of land, required for the purpose of opening Seventy-sixth street, from the Eighth avenue to the Hudson river in said city, and to assess upon the property benefited by the proceeding, the costs, charges and expenses thereof, and the damages awarded for the lands so taken. The last clause of article 5, of the amendment to the Constitution of the United States, declares, that private property shall not be taken for public use without just compensation, and the last clause of section 6, article 1, of the Constitution of this State, is in the same words.

By section 7 of article 1, of the Constitution of this State, it is declared that when private property shall be taken for

public use, the compensation to be made therefor (when such compensation is not made by the State) shall be ascertained by a jury, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law.

By an act passed April 3, 1807, Gouverneur Morris, Simeon De Witt and John Rutherford were appointed commissioners, to lay out into squares, avenues and streets, all that part of the city of New York to the northward of a line commencing at the wharf of George Clinton, on the Hudson river, thence running through Fitzroy road, Greenwich lane and Art street to the Bowery road, thence down the Bowery road to North street, and thence through North street, in its present direction, to the East river. In pursuance of the provisions of this act, the commissioners made and filed the maps therein required, on the 1st day of April, 1811.

Chapter 86 of the Revised Laws of 1831, prescribes the mode in which compensation is to be made for the taking of the lands so laid out for squares, avenues and streets, and the manner of payment therefor. Section 177 of said act, declares, that whenever and as often as the said mayor, aldermen, etc., shall be desirous to open any street, avenue, square or public place, or any particular part or section of any street or avenue laid out by the said commissioners, under the act of April 3, 1807, it should be lawful for the said mayor, etc., to open any such street, etc., or any section or part thereof, which the said mayor, etc., should deem necessary or useful, and to make compensation and recompense to the parties and persons whose lands might be required therefor. Section 178 provides that it might be lawful for the said mayor, etc., to make application to the Supreme Court for the appointment of three commissioners, who were designated in said act as commissioners of estimate and assessment.

Said commissioners were to estimate the loss and damage to the various persons and parties whose lands were required for such street or avenue, or, in other words, to fix the just compensation and recompense for the private property taken for the public use. And, in the second place, said commissioners

were to make a just and equitable estimate and assessment of the benefit and advantage to the owners of the several pieces of land benefited by said proceeding, and not required for the purposes of opening or laying out said street, avenue, etc. And section 185 of said act declares that all the moneys which the said mayor, etc., shall be liable to pay for the compensation and recompense reported by said commissioners; and the charges and expenses of the estimate and assessment, and report, and all such other expenses, disbursements and charges as may be incurred by the said mayor, etc., in and about said proceeding, shall be borne and reimbursed and paid to the said mayor, etc., by the parties deemed to be benefited thereby; and if the sums assessed by the commissioners for benefits and advantages shall not equal said sums, then the said mayor, etc., were authorized to cause a further assessment to be made, to reimburse and pay all such sums, costs, and charges, and expenses as they had incurred in and about said proceedings.

In pursuance of these provisions of law, the defendants in error applied to the Supreme Court of the first judicial district to appoint three commissioners to estimate the just compensation and recompense to be paid for the taking of the lands required for the opening of Seventy-sixth street from the Eighth avenue to the Hudson river. The Constitution prescribed that such compensation should be ascertained by at least three commissioners, appointed by a court of record. The said commissioners were also directed to perform the other separate and distinct duty of making an estimate and assessment of the benefits and advantages accruing to the owners of lands benefited by said taking and opening, and not required therefor.

It would appear from the error book, that said commissioners proceeded to discharge the duty assigned them, and made an estimate of the just compensation, and recompense to be made for the lands and property taken for such opening, and made an estimate of the benefits and advantages resulting from said opening, to the various parties, deemed by them to be benefited thereby. That said com-

missioners made their report herein in the manner required by law. That the plaintiffs in error objected to the award made to one James P. Perkins, for the loss and damage sustained by him for the taking of a building standing in said street, and that said commissioners had included in said estimate for benefits and advantages, the sum of $5,576.84 for costs, charges and expenses, in addition to the sum of $3,038, awarded by said commissioners, for damages for property taken. A motion was made, at the Special Term of said Supreme Court, for the confirmation of the said report of the said commissioners, and on hearing counsel in behalf of the parties, the same was confirmed, and on appeal to the General Term of said court, by these plaintiffs in error, from the said order of said Special Term, said appeal was dismissed, and to review this judgment or order, this writ of error is brought.

The 178th section of the statute already quoted also declares that the report of said commissioners, when so confirmed by the said Supreme Court, shall be final and conclusive upon the said mayor, etc., and upon the owners, etc., and upon all persons interested in the lands, etc., mentioned in the said report, and also upon all other persons whomsoever, and that on such final comfirmation of such report by the said court, the said mayor, etc., shall be seized in fee of the lands mentioned in said report, and required for the opening of said street, etc., and the said mayor, etc., are authorized immediately to take possession of the same.

Section 183 of the act makes it the duty of the said mayor, etc., within four calendar months after the confirmation of the report, to pay to the respective persons mentioned therein, to whom awards have been made, the sums so estimated and reported in their favor respectively, and in case of neglect to make such payment within that time, said persons were authorized to demand the same, and if not paid to sue for and recover the same, with lawful interest; and provision was also made for the collection of the said sums assessed for benefits and advantages.

The first question which presents itself for consideration is whether a writ of error lies to this court to review the order

of the General Term dismissing the appeal to that court. I am strongly inclined to the opinion that it does not, and that if these plaintiffs could have reviewed in this court the order of the General Term, it could only have been done by way of appeal. Section one of the Code of Procedure divides all remedies in the courts of justice into actions and special proceedings, and section two defines an action to be an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense; and the third section declares every other remedy a special proceeding.

Now it cannot be questioned that the right given to the mayor, etc., to institute proceedings, in a court of justice, to perfect its title to land required for a public street, avenue, etc., and to ascertain the just compensation to be made for the land so taken, is a remedy given to that corporation for that purpose, and not being an action, is, necessarily, a special proceeding. Under a similar proceeding, viz.: a proceeding to assess damages for lands taken for a plank-road, under the general plank-road law (Laws of 1847, chap. 210), the Supreme Court at General Term, in 1850, held that it was a special proceeding within the Code, and a review was to be had by appeal. (*Ex parte Ransom*, 3 Code, 148.) This court, in the matter of the *New York Central Railroad Company* v. *Marvin* (1 Kern., 276), which was an appeal to this court from an order of the Supreme Court, made at General Term, confirming the report of commissioners to appraise the compensation to be made for lands proposed to be taken, under the general railroad act, cited this decision with approbation, and in the case just cited this court held that, inasmuch as all remedies, in courts of justice, are by the Code (§ 1) divided into actions and special proceedings, the application to the Supreme Court for the appointment of commissioners, and the appraisal, report and confirmation, must fall within the latter subdivision of remedies; and the same doctrine was reaffirmed by this court in the case of the matter of extending Canal and Walker

streets. (2 Kern., 406.) We must assume, therefore, in con-
formity with the repeated adjudications of this court, that the
proceeding sought to be reviewed in this court by the
present writ of error, is a special proceeding, within the mean-
ing and intent of the Code, and it follows that, if reviewable
at all, it can only be reviewed by appeal, in the manner
pointed out by the Code. In 1854 (Laws of 1854, chap.
270), an act was passed in relation to special proceedings, and
this court held that, in a matter like that now under con-
sideration, this act was applicable. It provided that an
appeal might be taken to the General Term of the Supreme
Court from any judgment, order or final determination made
at any Special Term in any special proceedings.

In the matter of the widening of Wall street, a report of
commissioners of estimate and assessment was presented to the
Special Term of the Supreme Court for confirmation, and
the same was refused. An appeal was taken from that order
to the General Term of the Supreme Court, and heard upon
its merits, although it was strenuously insisted that the order
was not appealable. (17 Barb., 617.)

Another reason why this court could not, if the order of
the General Term was properly before us for review, examine
the order and review the same, is that the statute already
quoted declares the confirmation of the commissioners' report
by the Supreme Court to be final and conclusive upon all
persons whomsoever. This court, in the matter of *The New
York Central Railroad Company* v. *Marvin (ubi supra)*,
held that similar language, under the general railroad act,
precluded an appeal to the Court of Appeals. There the
statute provided that the second report should be "final and
conclusive" upon all the parties interested. Judge PARKER,
in the opinion of the court, says : "The railroad act pre-
scribes an entire system for ascertaining the value of the
lands taken. It contains no express provision authorizing an
appeal. It gives to the Supreme Court the power of grant-
ing a rehearing but once, and by declaring the second report
'final and conclusive,' it not only precludes any further
action on the part of the Supreme Court, but cuts off also

any appeal from such second report to this court. This restriction is, I think, evidence of a design to limit the extent to which litigation should be permitted on the mere question of appraising the value of land, and to confine it to the several steps and hearings expressly permitted by the act."

But I understand the precise point now under consideration was disposed of by this court in the matter of *Canal and Walker streets* (*ubi supra*). In that case a report of commissioners of estimate and assessment had been made in a similar proceeding to the one in this matter, and under the same statute. The original order of confirmation was made at Special Term, on the 3d day of December, 1853. An appeal was taken to the General Term of the Supreme Court, and, in September, 1854, the court, at a General Term in the first district, made an order affirming the order of the court at Special Term. From this order of affirmance an appeal was taken to this court, and, on motion, the appeal was dismissed, on the ground that the final determination of the Supreme Court was made by statute "final and conclusive," and such final order in that court was not open to review in this court. Judge GARDINER, in the opinion of the court, pertinently observes, " The presumption certainly would be that a court whose peculiar office was to supervise others, would not transcend its own jurisdiction, while the parties interested would have the judgment of men selected for their experience and legal knowledge, acting in view of a high official responsibility, with reference to what was due to their position, to the public, to the opinion of an intelligent profession. The language of the statute in reference to a court clothed with such authority would be senseless if not construed as it reads ; that in cases of assessments for opening and widening streets, their orders and judgments 'should be final and conclusive upon all persons interested whomsoever.' Such is the case before us. * * That all should have been satisfied was not to be expected. But those who felt themselves aggrieved have had one or more hearings before the commissioners, another before the Supreme Court at Special Term, and a review of the whole proceeding

before a full bench at the General Term of the same court. In a great majority of these street cases, the controversy does not originate in a difference of views as to the laws of property, or those affecting the jurisdiction of the court, but in reference to the apportionment of the burden imposed in carrying out the improvement. These last present questions of fact almost exclusively which cannot be reviewed here, and if they could, the chances of a correct decision would not be increased by a further departure from the source of the evidence. There is nothing, therefore, in the character of the court pronouncing the judgment appealed from, or in the nature of the proceeding itself, that indicates improvidence or inattention to the rights of parties by the legislature in declaring that the decision of the Supreme Court should be 'final and conclusive.' And there is nothing in either consideration to justify us in departing from the plain import of the provision, in order to sustain our own jurisdiction."

These views are decisive of the propriety of a review by this court of the order made in this matter, without any reference to the question whether it has been properly brought here. *Qua cunque via,* it came here, we are bound, in conformity with the adjudications of this court, to hold that the final order of the Supreme Court at General Term, confirming the report, is final and conclusive, and not open to review in this court. It is to be observed, in this connection, that, in this case, as in that of Canal and Walker streets, the only matter in controversy is in reference to the extent and apportionment of the burden imposed in carrying out the improvements. The plaintiffs in error complain that the burden imposed upon them as owners of property benefited has been improperly enhanced from two causes: First. By an excessive award of $3,000 to one Perkins, for a building standing on the lands taken for a street. Second. By allowances by the clerk in the taxation of costs which were illegal and improper. The first objection, it is seen, being one of value of the building taken, is exclusively a question of fact, and is not reviewable in this court. And the second, more or less, involves questions of fact which cannot

be inquired into on appeal to this court. This court has uniformly held that it has no power to review the taxation of costs or allowances made under the Code. As the objections of these plaintiffs, therefore, present no questions of law, it is obvious that this court, for this reason alone, could not review the determination of the Supreme Court.

We have no doubt that the order made in this matter was appealable to the General Term of the Supreme Court, and that the order or judgment which the statute declares to be "final and conclusive," is that which the Supreme Court finally makes in the matter. Such has been the uniform practice in matters of this kind, and they being special proceedings within the meaning of the Code, an appeal lay from the order of the Special Term therein to the General Term. This court has frequently declared such proceedings to be special proceedings, as designated by the Code, and recognized the practice of appeals therein from the Special to the General Term. It was the duty of the General Term, therefore, to have heard the appeal, and not to have dismissed it. If that order had been brought to this court by appeal, we should have reversed it on this ground alone, upon the authority of the cases of *The People* v. *New York Central Railroad Company* (29 N. Y., 418), and *Bank of Geneva* v. *Reynolds* (33 N. Y., 160), and other cases, in which the rule there laid down has been followed.

But, as already observed, a writ of error does not lie to bring up for review a decision of the Supreme Court in a special proceeding as defined by the Code, and nothing remains for this court to do in the case but to order the writ of error herein to be dismissed with costs.

All concur.

Appeal dismissed.