IN THE MATTER OF THE APPLICATION OF THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, TO ACQUIRE LANDS.

*Chap.* 140 *of* 1850 — 237 *of* 1869 — *General Railroad act — land taken under — when proceedings may be discontinued — costs on such proceedings — chap.* 270 *of* 1854.

Under the provisions of the general railroad act (chap. 140 of 1850, and chap. 237 of 1869), relative to the taking of land for the railroad company, there is no obligation imposed on the company to take land until the confirmation of the report of the commissioners appointed to assess the damages.

Up to this point in the proceedings, the court has power on the application of the company to discontinue the proceedings; the act, chapter 270 of 1854, authorizes the awarding of costs in proceedings under the general railroad act. *Rensselaer, etc., R. R. Co.* v. *Davis* (55 N. Y., 145) followed.

APPEAL by certain owners from an order made at Special Term, declaring that the proceedings taken on the part of the railroad company to acquire their lands were thereby abandoned and discontinued, and that such owners recover their witness fees and other taxable disbursements on such proceedings, and $150 extra

* Macdougall v. Patterson, 11 C. B., 772; Mayor v. Furze, 3 Hill, 612.
† Code, § 366.

allowance against said company; and by said company from that part of the order which awards costs and an allowance.

*H. Burdick*, for the contestants.

*Wm. J. Wallace*, for the railroad company.

GILBERT, J.:

Appeal by certain owners from an order made at Special Term, October 28, 1873, declaring that the proceedings taken on the part of the railroad company to acquire their lands, were thereby abandoned and discontinued, and that such owners recover their witness fees and other taxable disbursements in such proceedings, and $150 extra allowance against said company; and by the company from that part of the order which awards costs and an allowance.

This company was incorporated pursuant to the general railroad act of April 2, 1850, and the proceedings to acquire land, referred to, were taken under the provisions for that purpose contained in that act and in the amendatory act of April 17, 1869. Commissioners of appraisement were duly appointed, and made a report which bears date July 26, 1873. This report was not presented to the court for confirmation, but, on the 18th of August, 1873, the company notified said owners, in writing, that said proceedings from that date would be, and thereby were, abandoned by said company. The provisions of the acts of 1850 and 1869, before referred to, relating to this subject, confer upon railroad corporations the right to acquire lands, compulsorily, and prescribe the manner in which that right shall be exercised. Among these regulations is that contained in the seventeenth section of the act of 1850, which provides that, upon the report of the commissioners being made, *the company* shall give notice to the parties to be affected by the proceedings, according to the rules and practice of the court, for the confirmation of the same, and that thereupon the court shall confirm such report. The eighteenth section provides that the order of confirmation shall be recorded, and that thereupon and on the payment or deposit by the company of the sums to be paid as compensation for the land and for costs, counsel fees and expenses, *as aforesaid*, as directed by said order, the interest

sought to be acquired in the land shall vest in the company. Although the language of the seventeenth section is imperative, yet its sole object being to declare one of the terms or conditions on which the company might acquire the land, no absolute duty to perform the condition was imposed. The statute left it optional with the company to perform the condition, or renounce the right. It is only upon the confirmation of the report of the commissioners, that the claim of the owners to the damages awarded to them accrues; and, as already stated, there is no obligation imposed on the company to take the land before that event. Until mutual interests have become vested by the confirmation of the report, the proceedings resemble a negotiation between the parties, which must be consummated in the manner provided by the statute, before either acquires any vested rights against the other.*

We are of opinion that the proceedings were effectually discontinued by the notice. No doubt the court had power to make the order of discontinuance as an incident to the authority conferred upon it; and it was a very proper act to be done, although it was not absolutely necessary to protect the owners. But we have not been able to find any authority for granting costs to the owners. The only provision of the general railroad act on this subject is that contained in the sixteenth section, which requires *the commissioners* to determine what sum ought to be paid to the general or special guardian or committee of an infant, idiot or person of unsound mind, or to the attorney of an unknown owner, for costs, expenses and counsel fees. These are evidently the costs, expenses and counsel fees, referred to in the eighteenth section before mentioned. The court can exercise no power in these proceedings except such as is expressly given to them.† The case of *Hud. R. R. R. Co.* v. *Outwater* ‡ is not applicable, for the reason that the charter of the company in that case provided for the allowance of costs and expenses to owners indiscriminately. § Nor does the act of 1854, in relation to special proceedings, apply to the case. It is

* Corp. of N. Y. v. Mapes, 6 Johns. Ch., 48 ; People v. Brooklyn, 1 Wend., 318; Re Anthony Street, 20 id., 618; Re Wall Street, 17 Barb., 642 ; Balt. and Sus. R. R. Co., v. Nesbit, 10 How. (U. S.), 395; Hill v. Coms. of Worcester, 4 Gray, 414.

† Alb. and North. R. R. Co. v. Cramer, 7 How., 164.

‡ 3 Sandf. 690.                              § Laws 1846, chap. 216, § 10.

no doubt a special proceeding, but it is governed wholly by the general railroad act. That statute forms a separate and complete system independently of the provisions in general statutes. In *N. Y. Cent. R. R. Co.* v. *Marvin,*[*] the Court of Appeals held such a proceeding to be a special creation of the statute designed to form a complete system òf itself, entirely independent of the general provision of the Code, [†] which authorizes an appeal to that court from a final order affecting a substantial right, made in a special proceeding. The act of 1854 was not designed to interfere in any way with that system. This is evident from the provisions of the first section. That allows an appeal from any order made at Special Term. The general railroad act [‡] requires the court to make an order confirming the commissioners' report in the first instance, and then authorizes either party to appeal to the Supreme Court from the commissioners' report (not from the order of confirmation thereof), and provides that such appeal may be heard at a Special or General Term; that, on the hearing thereof, the court may direct a new appraisal, and makes the second report final and conclusive without any order of confirmation. It cannot be supposed that the legislature intended, by the general provision contained in the act of 1854, to give an appeal from the order of confirmation, in addition to that from the report of the commissioners, or an appeal to the General Term from the order made at Special Term on a hearing of an appeal from the report of the commissioners. Such a construction would be absurd. The specific provision for the payment of costs contained in the general railroad act, necessarily excludes all other costs, and any other mode of ascertaining the amount thereof, except the award of the commissioners. The view we have taken of the subject is sustained by several decisions of the Court of Appeals, besides the case of *N. Y. Central R. R. Co.* v. *Marvin,* before cited. [§]

We are clear, that in any event the extra allowance was unauthorized. We can discover no principle on which it can be brought within the provisions of the Code on that subject. If the proceeding be a " case," within the meaning of section 309, it

---

[*] 1 Kern., 279.          [†] Sec. 11, sub. 3.          [‡] Sec. 18.

[§] Re Canal and Walker Streets, 2 Kern., 406 ; King v. The Mayor, 36 N. Y., 182; Re Dodd, 27 id., 629.

is not a difficult or extraordinary one, nor has a defense been interposed, or a trial had.

Since the foregoing was written, our attention has been called to the case of *The Rensselaer, etc., R. R. Co.* v. *Davis*,* wherein the Court of Appeals held, that the act of 1854 authorized the awarding of costs in proceedings under the general railroad act.

We can therefore only modify the order appealed from, by striking therefrom the extra allowance, instead of reversing it altogether.

Present — MULLIN, P.. J., SMITH and GILBERT, JJ.

Ordered accordingly.