# DECISIONS IN CASES NOT REPORTED.

## SECOND DEPARTMENT, JULY TERM, 1895.

In the Matter of the Petition of Alfred C. Chapin, Mayor of the City of Brooklyn, and Others, Appellants; Thomas Bulmer, Respondent.— Order affirmed, with ten dollars costs. No opinion.—

DYKMAN, J. (dissenting): The facts involved in this appeal are these: On the 22d day of May, 1891, three commissioners were appointed to ascertain and appraise the amount of damage done to any property or interest by reason of the erection of the public hospitals in the town of Flatbush. The commissioners qualified and entered upon the discharge of their duties, and on the 22d day of May, 1893, made their report to the court, to which some exceptions were filed, and on the 11th of November, 1893, such report was confirmed by the court. It appears from the petition in this proceeding that Thomas Bulmer is the owner of certain lands and premises designated on the commissioners' map as lots 17 and 18 on block 14. The commissioners of appraisal reported that they had ascertained and appraised the amount of damage to such lots taken together, at the sum of $600, and their award was made to the petitioner and owner, A. D. Wood, as joint owners of such lots. It further appears that some of the awards so made by the commissioners have been paid, and that George G. Herman, one of such commissioners is now dead. Upon that petition an order was made appointing Charles H. Otis a commissioner in this proceeding in the place of George G. Herman, deceased, and Otis, in connection with the other two commissioners, met and apportioned the awards between the respective owners of lots Nos. 17 and 18 on block 14. There are other provisions in the order which do not require recitation here. From that order the mayor has appealed, and we find it to be erroneous. The act under which the proceedings were instituted, provided, among other things, that the report of the commissioners "be presented to the Supreme Court, at Special Term thereof, on any day upon notice published in the corporation papers for ten days successively, and that said report be presented to said court for confirmation. The said court shall hear any objections to said report, or any part thereof, and may either confirm the same, or send it back to the commissioners of estimate, who shall thereupon reconsider the same, and again report the result to the said court, and the said report shall again be presented to said court for confirmation upon a similar notice as heretofore provided for. Said court shall again hear objections, and may confirm the same or send the same back as before provided. If the said report is confirmed, said confirmation shall be final and conclusive, but the same shall be sent back and reconsidered as often as said court may deem necessary." There is no authority or jurisdiction in the court other than such as is found in the statute itself, and the proceedings must be governed by the statute by which it was authorized. When the report of the commissioners was confirmed, such confirmation was final and conclusive. The liabilities of the city became fixed and determined definitely and finally. The statute author-

ized a special proceeding which should be complete and independent, subject to no judicial review. The following authorities justify this conclusion: *N. Y C R. R. Co* v. *Marvin* (11 N. Y. 276); *In the Matter of the Commissioners of Central Park* (50 id. 497); *In the Matter of Canal & Walker Streets* (12 id. 406); *King* v. *Mayor* (36 id. 182); *Mayor* v. *Erben* (38 id. 305). Upon the confirmation of the report, the powers of the commissioners terminated, and their occupation was gone. They had discharged the functions of their office and exhausted their power. (*People ex rel. Mann* v. *Mott*, 2 Hun, 672; S. C., 60 N. Y. 649.) This rule should be applied with more rigor in this case because one of the commissioners died after he signed the report. Again, no application by the petitioner for the appointment of a commissioner under this statute was authorized. Such application could only be made by the mayor and the two commissioners who were clothed with that power by the statute. Moreover, the order confirming the report was a bar to the new proceeding. So long as that order remains it is conclusive upon the rights of all the parties. The order should be reversed, with ten dollars costs and disbursements.

In Matter of Application of William A. Randall, Respondent, v. Charles R. Cline, Jr., Town Clerk, etc., of Warwick, N. Y., Appellant.— Reargument ordered.

In Matter of Application of John Dunne for a Writ of Mandamus.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

James H. Birdsall, Respondent, v. Henry E. Emmons and Another, Appellants.— Order affirmed, with costs.—

DYKMAN, J.: This is an appeal from an order made at the Special Term, denying a motion to vacate an attachment against the property of the defendants, who were non-residents, on the ground that the affidavit upon which the attachment was issued failed to state facts sufficient to constitute a cause of action. The attachment was issued on the 5th day of February, 1895, and on February 18, 1895, the property attached was sold by order of the court as perishable property. The defendants have not appeared or answered, and judgment in favor of the plaintiff has been duly entered in Orange county. An order to show cause why the attachment should not be vacated was made returnable on the 16th day of April, 1895, and the motion to vacate the attachment was made on that day and denied, with costs. The motion to vacate the attachment was based on the contents of the affidavit of the plaintiff upon which the attachment was based, and no counter affidavits were used. In our view, the affidavit upon which the attachment was granted is sufficient, and sets forth a complete cause of action upon an expressed and implied contract and a breach thereof on the part of the defendants. The order should be affirmed, with costs. Pratt, J., concurred; Brown, P. J., not sitting.

Valentine Cromwell v. Charles H. Clement.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs and disbursements.—

89   603
34ap246