THE MAYOR, ALDERMEN, AND COMMONALTY OF
THE CITY OF NEW YORK, APPELLANT, v. HENRY
ERBEN AND THE NEW YORK LIFE INSURANCE
AND TRUST COMPANY, RESPONDENTS.

*Moneys paid by mistake — Voluntary payment.*

Money paid by mistake as to the amount due may be recovered back. It
cannot be considered as a voluntary payment.

THIS is an appeal by the Appellant from a judgment of the General Term of the Superior Court of the city of New York, affirming a judgment rendered upon a report of a Referee in favor of the Defendants. The action was brought to recover back the sum of $9,000, alleged to have been paid to the Defendants upon an award made to the Defendant Erben for land taken in the extension of Canal Street.

The Referee found the following facts and reached the conclusions of law following :

1. That in the year 1852, and until the month of May, in the year 1855, the Defendant Erben was the owner in fee of three lots of land situate in Centre Street, in the city of New York, and known by the street numbers one hundred and fifty-eight (158), one hundred and sixty-four (164), and one hundred and sixty-six (166) Centre Street, subject, however, to a certain mortgage executed by the said Defendant Erben to the Defendant The New York Life Insurance and Trust Company, to secure the payment of the sum of four thousand five hundred dollars, with the interest thereon.

2. That the said lots of land, during all the time aforesaid, were each worth at least the sum of twelve thousand five hundred dollars.

3. That some time before the month of May, 1856, the Plaintiff procured, in the Supreme Court, the appointment of commissioners of estimate and assessment, to assess the benefit and award the damages to the owners of property within the line of the im-

provement in the matter of the extending of Canal Street and the widening of Walker Street, in the city of New York.

4. That the whole of the said lot, one hundred and sixty-four (164), and certain parts of the lots numbers one hundred and fifty-eight (158) and one hundred and sixty-six (166) Centre Street were required for and were taken for the extension of Canal Street.

5. That such lots and parts of lots so required and taken for such extension were worth, at that time, the sum of twenty-five thousand dollars.

6. That the Defendant Erben attended before the said commissioners of estimate and assessment from time to time, upon their request, and was informed by the said commissioners that the amount awarded to him for the said lots was about the sum of twenty thousand dollars over and above the amount assessed against him for the benefit to the other property owned by him within the line of said improvement.

7. That the said commissioners afterward made and filed with the Street Commissioner of the city of New York their report, in and by which they did, among other things, award to the Defendant Erben, for the said parts of lots numbers one hundred and sixty-four (164) and one hundred and sixty-six (166) Centre Street, the sum of nine thousand and fifty dollars, out of which a sufficient sum was to be paid to the Defendant The New York Life Insurance and Trust Company to satisfy a mortgage thereon for the sum of four thousand five hundred dollars, with the interest due thereon; and did also award to the Defendant Erben, for the said lot number one hundred and fifty-eight (158) Centre Street, the sum of six thousand seven hundred and fifty-five dollars, out of which a sufficient sum was to be paid to the Defendant The New York Life Insurance and Trust Company to satisfy a mortgage thereon for the sum of four thousand five hundred dollars, with interest due thereon.

8. That at the time of the making of the said report, or at any time previous thereto, there was but one mortgage, which was a lien upon the said lots or parts of lots, which mortgage was executed by the Defendant Erben to the Defendant The New York

Life Insurance and Trust Company, to secure the payment of the sum of four thousand five hundred dollars, with the interest thereon, and upon which mortgage, at the time of the payment of the sum of money hereinafter mentioned, there was due, for principal and interest, the sum of four thousand one hundred and twenty-four dollars and forty-three cents, and no more.

9. That, after the said report of the said commissioners was so filed, the Defendant Erben called at the office of the Street Commissioner of the city of New York, and requested of the clerk of said Street Commissioner permission to examine the said report ; that the said report was not shown or examined by the Defendant Erben, but in lieu thereof he was informed by such clerk, and believed, that the amount awarded to him for damage was about the sum of twenty thousand dollars over and above the amount assessed against him for benefit to other property owned by him within the line of said improvements ; which assessment amounted to the sum of four thousand dollars or thereabouts, upon which information the said Defendant relied, and he had no other knowledge or information upon the matter aforesaid.

10. That afterward, and on or about the tenth day of May, 1855, upon the Defendant Erben demanding the same as due under said report, the Plaintiff made and delivered to the Defendant The New York Life Insurance and Trust Company two warrants duly drawn by them upon the Mechanics' Bank in the city of New York, both dated on that day, and both payable to the order of · the Defendant Erben and the order of the Defendant The New York Life Insurance and Trust Company, one of which warrants was numbered 1179, and was for the sum of thirteen thousand five hundred and fifty dollars, and the other of which warrants was numbered 1180, and was for the sum of eleven thousand two hundred and fifty-five dollars, both of which warrants were duly endorsed by the Defendants, and were afterward paid by the said Mechanics' Bank in the city of New York to the Defendant The New York Life Insurance and Trust Company, and for which warrants a receipt was signed by the Defendants.

11. That the Defendant The New York Life Insurance and

Trust Company had no notice or knowledge of the amount awarded to the Defendant Erben, other than that contained in the said warrants and receipts, and that the Defendant The New York Life Insurance and Trust Company received the said warrants, and the money paid thereon, for the purpose of making distribution of such money as between the Defendant The New York Life Insurance and Trust Company and the Defendant Erben, and not otherwise ; and that the Defendant The New York Life Insurance and Trust Company did, after the receipts of the said sums of money mentioned in the said two warrants, make distribution thereof by retaining the said sum of four thousand one hundred and twenty-four dollars and forty-three cents, and by paying over to the Defendant Erben the sum of twenty thousand six hundred and eighty dollars and fifty-seven cents.

12. That the Plaintiff voluntarily made and delivered the said warrants to the Defendants, with full knowledge of the several matters stated in the report of the said commissioners.

As conclusions of law the Referee found,—first, that the Plaintiff, having voluntarily paid the sum of money above mentioned, cannot maintain this action for the recovery of any part thereof.

Second, that each of the Defendants are entitled to judgment against the Plaintiff, with the costs of this action.

*Richard O'Gorman* for Appellants.

*Samuel Hand* for Respondents.

HUNT, Ch. J.—After setting forth the general facts of the case in their complaint, the Plaintiffs close by alleging that, at the Defendants' request, they paid the Defendants for such damages the sum of $24,805. They further allege that the said payment was made under a mistake of fact on the part of the Plaintiffs, and under the supposition that the sum above mentioned was the sum of the payments to which the Defendants were entitled, under and by virtue of the report of the commissioners of estimate and assessment.

In his answer the Defendant Erben, among other things, says, that he received the sums mentioned under the full belief that

18

the same was the amount awarded to him by the said report over and above any encumbrance upon the premises, and he insists that the same was such amount. He further insists that the same was so paid and received as waiver by all parties of all objections to the said report, and with full knowledge that such sums were rightfully payable, if erroneously stated in several parts of said report, and with intent to consummate the duty and purpose of said commissioners, whether correctly expressed in said report or by mistake erroneously stated therein.

The commissioners awarded to the Defendant Erben the sum of $15,755. He received from the Comptroller of the city warrants to the amount of $24,805, upon which the money was paid to him. The Referee finds, that Erben believed that amount was due to him when it was thus received. The Plaintiffs, in their complaint, allege that the excessive payment was an error on their part, and there is nothing in the evidence to indicate that such is not the fact. There is not the least evidence to show that the Comptroller intended to pay Mr. Erben a dollar more than he was legally entitled to. To have done so would have been a violation of his duty. There is no evidence that the Plaintiff, as a corporation, ever recognized such action. The Defendant testifies, and the Referee finds, that he believed that amount to be due to him by the report, as it was paid to him. It is thus apparent that the excess over $15,755 was paid to the Defendant in mistake of the facts.

I cannot understand how the Referee could have reached the conclusion that the Plaintiff voluntarily delivered the warrants to the Defendants, in the full knowledge of the several matters stated in the report of the commissioners. I am not able to reconcile it with the previous finding that the money was paid upon an erroneous understanding of the amount actually awarded to Mr. Erben, nor do I see any warrant for it in the evidence. No witnesses on either side give any testimony from which such a conclusion can be drawn.

The Plaintiff and the Defendant mutually supposed that the report of the commissioners, which had been confirmed by the Supreme Court and filed, awarded to the Plaintiff the sum of

$24,000, and that sum was thereupon paid to him. For the money thus received in excess of the amount actually awarded, the Defendant would no doubt be primâ facie liable to respond to the Plaintiff. The general rule is clear, that money paid in a mistake of facts as to what both parties were bound to require, may be recovered back. (Bank of Commerce v. Union Bank, 3 Comst. 230; Canal Bank v. Bank of Albany, 1 Hill, 287; Wheadon v. Olds, 20 Wend. 174.)

In answer to this demand, the Defendant insists that this is in substance an action for money had and received to the use of the Plaintiffs, in which action it is said the most liberal rules prevail, and in which the Defendant may interpose every equitable defence, and may shield himself by anything which shows that ex æquo et bono, the Plaintiff is not entitled to recover. This is true. The Defendant further insists that the evidence introduced by him shows, that upon these principles the Plaintiffs cannot here succeed.

He has proved, as he says, by indisputable evidence, that the property appropriated under the proceedings to extend Canal Street was worth the full sum he has received for it, and that, upon application at the commissioners' office, he was informed by them, and afterward by their clerk, that about the sum received by him had been actually awarded to him.

It is quite probable that the Defendent was not awarded as much as he should have been for his lots on Centre Street, and it is equally probable that he failed to have that error corrected, on account of the erroneous information given to him by the clerk at the office of the commissioners. This is unfortunate, but it cannot aid the Defendant here. The whole proceeding of the commissioners is judicial in its character, is subject to review and correction in the Supreme Court, and is finally made a part of the records of that Court. To overhaul judgments thus established, upon the ground that a clerk or an officer in the commissioner's office, upon whose statement of their contents a party had relied, instead of making a personal examination of the record, had incorrectly stated their contents, could not be tolerated. Nor will it aid the case to allege that in fact the Defendant was not awarded

as much for his lots as he ought to have been.  Neither the Referee, nor the Superior Court, nor this Court have jurisdiction in this action to examine that question.  It is intrusted by law to the commissioners solely, subject to an appeal to the Special Term of the Supreme Court; and no other Judge, jury, Court, or Referee has the slightest authority to examine into the matter.

The Plaintiffs were entitled to a recovery against Mr. Erben, and a new trial must be ordered as to him.  Judgment as to the Life Insurance and Trust Company should be affirmed.

JOEL TIFFANY,
State Reporter.