In the Matter of the Application of the Commissioners of Central Park relative to the opening of certain new avenues, roads and public squares in the city of New York.

An appeal from an order does not authorize the review and reversal of any other order, however closely the two may be united.

A special and local statute, providing for a particular case or class of cases, is not repealed, or amended as to some of its provisions, by a statute general in its terms, provisions and application, unless the intent to repeal or alter is manifest, although the terms of the general act would, but for the special law, include the cases provided for by the latter.

Accordingly, *held*, that the provision of the act regulating the opening and laying out of streets, etc., in the city of New York, which declares that the reports of commissioners of estimate and assessment, appointed under it, when confirmed, shall be "final and conclusive" (§ 178, chap. 86, Laws of 1813; 2 R. S., 408), was not repealed or affected by the general provisions of the Code prescribing the jurisdiction of this court (Code, § 11), and that an order confirming the report of commissioners of estimate and assessment appointed in proceedings by the commissioners of the Central Park under the act for the laying out and improvement of certain portions of the city of New York (chap. 697, Laws of 1867), which proceedings were governed by the act of 1813, is not appealable to this court.

(Argued November 19, 1872; decided December 10, 1872.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, confirming the report of commissioners of estimate and assessment in proceedings instituted in pursuance of chapters 697, Laws of 1867, by the Commissioners of the Central Park for the purpose of the opening of four parks on the west side of the city of New York. The appeal was by various owners of lands assessed for benefits. (Reported below, 41 How. Pr. R., 12; 4 Lans., 469.)

*John E. Develin* for the appellants. The order of the General Term, dated August 2, 1872, is appealable to this court. (*N. Y. C. R. R. Co.* v. *Marvin*, 1 Kern., 276; *In re Canal and Walker Streets*, 2 id., 406; *The People* v. *Boardman*, 4 Keyes, 59; *In re Townsend*, 39 N. Y., 171; *Rens.*

*and Sar. R. R. Co.* v. *Davis,* 43 id., 137; Code, § 11, sub. 3; *In re Palmer,* Ct. App., Jan. term, 1869 [not reported]; *Eaton* v. *Alger,* 47 N. Y., 348; *Pearson* v. *Lovejoyce,* 53 Barb., 407; *Hudler* v. *Golden,* 36 N. Y., 446; *Williams* v. *Merle,* 11 Wend., 80; *Westbrook* v. *Willey,* 47 N. Y., 457.)

*Richard O'Gorman,* corporation counsel, for the respondent. The order of the General Term was final, and no appeal could be had to this court. (Valentine's Laws, 1198; *In re Bowery Extension,* 2 Abb., 368; *In re Seventy-sixth Street,* 12 id., 317; *In re Sixty-fifth Street,* 23 How., 256; *Mayor* v. *Erben,* 38 N. Y., 311; *In re Canal and Walker Streets,* 2 Kern., 411; *King* v. *Mayor, etc.,* 36 N. Y., 189; *N. Y. C. R. R. Co.* v. *Marvin,* 1 Kern., 276.)

ALLEN, J. The appeal is from the order of the Supreme Court, confirming the report of commissioners of estimate and assessment, and brings up for review no other part of the proceedings or any other order or direction made or given by the court in the course of the proceedings for acquiring the title to the lands mentioned in the report. Upon an appeal from a judgment, this court may review any intermediate order involving the merits, and necessarily affecting the judgment. (Code, § 11, sub. 1.) But an appeal from an order does not authorize the review and reversal of any other order, no matter how closely the two orders may be united, or how interdependent they may be. The regularity and validity of all orders prior to that from which the appeal is brought must be assumed, and if they were unauthorized by law, and the proceedings are radically defective for want of conformity to the law, or for any other reason, the remedy of any party aggrieved is by resisting the payment of the assessment, or retaining his property, as the case may require and he shall be advised. The rule is, that proceedings by which the citizen is deprived of property must, in all matters of substance, in all things that are essential to protect and preserve the rights of the property-holder, and the citizen who is to be burdened, conform to the statute by which they are authorized.

The validity of these proceedings will be open to contesta-
tion hereafter, whatever may be the disposal by this court of
this appeal.  It is not intended to intimate that the proceed-
ings are not in every part and in all respects literally and
strictly in conformity with law, and valid.  We have not
examined them, and do not mean, therefore, to suggest a doubt
as to their validity, or an impression either way.  This right
to contest the legality of the proceedings existing, there would
be no apology for going beyond the appeal, to consider mat-
ters not strictly and regularly before us.  The Code is broad
enough to give an appeal to this court from the order con-
firming the report of the commissioners.  It was made in a
special proceeding, and does affect substantial rights, and is
final.  (Code, § 11, 3.)  If, therefore, this provision of the
Code controls, this court has jurisdiction of the appeal.  The
proceedings were under chapter 697 of the Laws of 1867, by
which the commissioners of the Central park were authorized
to acquire title for the use of the public avenues, squares, etc.,
that had been or might be laid out or retained by them.  By
the third section of the act it was declared that the proceedings
to acquire title to such lands should be had pursuant to such
acts as should at the time be in force relative to the opening
of public squares, streets, etc., in the city of New York.  This
includes the proceedings in every stage, from the first to the
last, and embraces as well the measures prescribed for the
estimate of the damages to the landowner, and the expenses
of the process and the assessment of the benefits, as the inci-
pient steps for appropriating the land.

The law of 1813 (2 R. L., p. 408), regulating the opening
and laying out of streets, etc., in the city of New York, is still
in force, and except as modified by subsequent legislation,
prescribes the forms of procedure in all cases.  Section 178 of
that act authorizes the appointment by the Supreme Court of
three discreet and disinterested persons as commissioners of
estimate and assessment, and gives specific directions for the
regulation of the commissioners in the performance of their
duties and for the making of their report to the court.  The

court is, by the same section, empowered by rule or order to confirm the report, or refer it back to the same commissioners or to new commissioners for revisal, and repeated revisals are authorized, as right and justice shall require, until a report shall be made, which the court shall confirm, and declares that " such report when so confirmed shall be final and conclusive, as well upon the said mayor, aldermen and commonalty of the city of New York, as upon the owners, lessees, persons and parties interested in and entitled unto the lands, tenements, hereditaments and premises mentioned in the said report; and also upon all other persons whomsoever."

Language could not more plainly indicate the intention of the legislature, that every question connected with the estimate and assessment, everything that could in any form be litigated before and passed upon by the commissioners, should be finally and conclusively determined by the Supreme Court, without further appeal or right of review or ulterior litigation. Every provision was made that could be necessary for a just and fair estimate and assessment, with the right of repeated reviews and deliberate determination by different commissioners and successive reviews by the court, and every safeguard against injustice, mistake, error of judgment and wrong is carefully provided. There is an obvious propriety in confining the right of review to the Supreme Court, in an action connected with public assessments, when coupled, as in this case, with ample power to redress wrong and correct mistakes. If it were otherwise, a single litigant might arrest important public works for years. The act declares the order of the Supreme Court final and conclusive upon all, and neither by writ of error or by appeal can it be reversed or reviewed. Could it be, it would not be final and conclusive. This provision is not repealed or affected by the general provisions of the Code prescribing the jurisdiction of this court. It is certainly not repealed in terms, and is not repealed by implication. The two acts are not repugnant. Both can stand, and full effect be given to each, and the rule is well settled that when that is the case, a prior act is not repealed by a later.

The law does not favor a repeal of statutes by implication. To work a repeal by implication, the intent of the legislature must be very apparent, or the two laws must be so incongruous and repugnant, that effect cannot be given to both. Here the legislation by the two statutes is not upon the same subject. In the one case, provision is being made for a municipal government and the creation of a special jurisdiction, and every part of the enactment is designed to make a part of a complete whole, and all together constituting an entire system perfect in itself; and in the other case, the legislature was prescribing the jurisdiction of an appellate court by general rules, having no reference to special and particular enactments governing special cases. A special and local statute, providing for a particular case or class of cases, is not partially repealed or amended, as to some of its provisions, by a statute general in its terms, provisions and application, unless the intention of the legislature to repeal or alter the particular law is manifest, although the terms of the general act would, taken strictly, and but for the special law, include the case or cases provided for by it. (*Capen* v. *Glover*, 4 Mass., 305.)

As was said by PARKER, J., of a similar statute: "The whole proceeding is a special creation of the statute, and seems designed to form a complete system of itself, entirely independent of the general provisions of the statute authorizing appeals to this court." (*N. Y. C. R. R. Co.* v. *Marvin*, 1 Kern., 276.) In this case, an appeal from an order confirming the report of commissioners for appraising the damages for lands taken for railroad purposes, the statute declaring that such order should be "final and conclusive," was dismissed.

*In the Matter of Canal and Walker Streets* (2 Kern., 406) an appeal from an order confirming the report of the commissioners under the act of 1813, for laying out and opening streets in New York city, was dismisssed.

In *King* v. *Mayor of New York* (36 N. Y., 182) it was sought to review the action of the Supreme Court in respect

to the report of commissioners under the same act by writ of error, and the principles of the cases cited above were reaffirmed, and the writ dismissed.

In *Mayor of New York* v. *Ecker* (38 N. Y., 305) the question was presented in a different form, and the report of the commissioners confirmed by the Supreme Court held conclusive and final in all courts and upon all persons.

The cases relied upon by the counsel for the appellant to sustain this appeal are not in conflict with this view of the operation and effect of the law of 1813, declaring the order of the Supreme Court confirming the report of the commissioners final and conclusive. *R. & S. R. R. Co.* v. *Davis* (43 N. Y., 137) and *In re Townsend* (39 id., 171) were appeals from original orders appointing commissioners, and involved the question as to the right of the petitioners to take the lands, and not the appraisal and estimate of their value, and the statute nowhere declares that the order of the court appointing commissioners shall be conclusive as to the rights of the applicant to take property *in invitum*.

*The People* v. *Boardman* (4 Keyes, 59) was an appeal from a judgment on *certiorari* removing into the Supreme Court proceedings under the landlord and tenant act, and there is no claim that the judgment of the Supreme Court in such case is made final by any statute. Whether the report was in proper form, the proceedings of the commissioners legal, and the decisions upon questions of law right, and whether the report was fair and just upon all the evidence, was determined by the Supreme Court, and when the law declares that the order of that court is final, it cannot be reversed upon any suggestion of irregularity, mistake or error, either of law or fact.

The appeal must be dismissed.

All concur.

Appeal dismissed.