Bartels agt. Cunningham.

---

# N. Y. COMMON PLEAS.

WILLIAM BARTELS agt. THOMAS CUNNINGHAM.

*Execution issued against a city marshal on district court judgment — to whom to be returned.*

An execution issued against a city marshal on a district court judgment, a transcript of which has been filed in the county clerk's office, must be returned by the sheriff to the clerk of the court of common pleas and not the clerk of the city and county of New York.

*Special Term, June,* 1880.

Bartels agt. Cunningham.

WILLIAM BARTELS recovered a judgment of $119.90 against Thomas Cunningham, a city marshal, in the first judicial district, for an unlawful levy. Transcript of the judgment was filed in the county clerk's office; an execution was issued to the sheriff on the judgment out of the court of common pleas, and made returnable to the clerk of the court of common pleas. The sheriff returned the execution to the county clerk instead of the clerk of the common pleas, and refused to return the same as he was required, claiming that under the new Code all executions issued out of the court of common pleas on district court judgments are returned to the county clerk. The plaintiff thereupon made a motion to compel the sheriff to return the execution to the clerk of the court of common pleas.

*George H. Kracht*, for motion.

*Malcolm Graham*, for sheriff, opposed.

VAN HOESEN, *J.* — The bonds of city marshals are filed with the court of common pleas. Where a judgment is recovered against a marshal and his sureties it is the duty of the clerk to indorse on the marshal's bond a memorandum of the amount, and to credit each surety with the amount paid on account of such judgment. When the amount of judgments recovered against a marshal and his sureties is equal to the amount of his bond it is the duty of the clerk of the court of common pleas to notify the mayor of the fact that the marshal may be removed, or at least suspended, if he does not then, on being requested, file a new bond. These duties are devolved upon the clerk of the court, and it is necessary for their performance that he should have possession of the documents which show whether or not a marshal should be required to furnish a new bond. These considerations led to the enactment of the act known as chapter 484, Laws of 1862, which provides a system, complete in itself, adapted especially

to the city of New York, and intended for the security of suitors in district courts of the city. The act of 1862 is a local act, passed for a particular purpose, and, therefore, was not repealed by the general language of section 1367, Code of Civil Procedure, which contains no evidence of an intent to abrogate it. The rule applicable to the construction of statutes under consideration is stated by the court of appeals, *In the Matter of the Commissioners of Central Park* (50 *N. Y.*, 497), and in *The People* agt. *Quigg* (59 *N. Y.*, 83). It is this: "A special and local statute providing for a particular class of cases is not partially repealed or amended in some of its provisions by a statute general in its terms, provisions and applications, unless the intention of the legislature to repeal or alter the particular law is manifested, although the terms of the general act would, taken strictly and but for the special law, include the case provided for by it."

The execution should be returned to the clerk of the court of common pleas.