## COURT OF APPEALS.

In the Matter of opening ONE HUNDRED AND THIRTY-EIGHTH
AND OTHER STREETS.

*New York (city of)—Proceedings for opening streets —Appeal from confirma-
tion of report of commissioners of estimate, does not lie to court of appeals
—Report of commissioners, to what extent final—How proceedings to be
set aside.*

An appeal to the court of appeals does not lie from an order of the
supreme court confirming the report of commissioners of estimate and
assessment in proceedings to open streets in the city of New York.
The report of the commissioners is final and conclusive as to the amount
of awards for land taken and the assessments for benefit, but not as to
the regularity or validity of the proceedings.
Where the proceeding is wholly unauthorized by law, a motion may be
made to vacate and set it aside.

*Argued May* 31, 1881, *decided June* 14, 1881.

THIS was a motion to dismiss the appeal, taken by the mayor,
aldermen and commonalty of the city of New York, from
an order of the general term which confirmed the report of
commissioners of estimate and assessment made in proceedings
taken to acquire title to One Hundred and Thirty-eighth and
other streets in the Twenty-third and Twenty-fourth wards of
the city of New York.

*James A. Deering,* for motion.

*David J. Dean,* for mayor, &c., appellants, opposed.

EARL, *J.*— This is a proceeding to acquire title to certain
lands in the city of New York for the opening of certain
streets under chapter 604, Laws of 1874, and other statutes,
upon the application of the commissioners of the department
of public parks. Commissioners of estimate and assessment

were appointed under the act chapter 86 of the Laws of 1813, by which the proceeding is regulated. The application was upon due notice as required by law, and does not seem to have been opposed. A hearing was had before the commissioners thus appointed and they made their report. The corporation counsel of the city of New York appeared at the special term of the supreme court and objected to the confirmation of the report on behalf of the city, on the ground that the act under which the park commissioners claimed to act in applying to the court for the appointment of commissioners, to wit, chapter 604 of the Laws of 1874, is unconstitutional and void, and that, therefore, the proceeding should be dismissed. The court overruled the objection, and confirmed the report. The city then appealed from the order of confirmation to the general term, and there the order was affirmed, and then it appealed to this court.

This motion is now made to dismiss this appeal on the ground that the order is not appealable to this court, and we are of opinion that the motion should be granted.

It is provided in section 178 of the act of 1813 that the report of the commissioners, when confirmed, " shall be final and conclusive," and this language has been repeatedly held to preclude an appeal to this court (*Matter of Commissioners of Central Park*, 50 *N. Y.*, 493).

It is conceded by the learned counsel for the city that the report of the commissioners, when confirmed, was final and conclusive as to the amount of award for land taken and the assessments for benefits, but he claims that it was not final and conclusive as to the constitutional question raised by him, and he is undoubtedly right (*See opinion of* ANDREWS, *J., in the Matter of Lange, recently decided in this court*).

The report of the commissioners was final only as to the matters which they were called upon to determine. They had no right to pass upon any questions relating to the regularity or validity of the proceeding, or the constitutionality of the act under which the proceeding was instituted, and such

questions, therefore, remain unaffected by their report, and the confirmation makes the report final only as to the matter submitted to the commissioners and by them determined. Hence, no constitutional question was involved in the orders made below, and none is brought here by this appeal, and for this conclusion the reported case above cited is also authority.

We do not determine whether or not the constitutional question was involved in the order appointing the commissioners, or the effect of that order, as there had been no appeal from it, and it is not brought up for review by this appeal. Unless the city is concluded by that order, it may raise the constitutional question when it shall be sued for the awards, or any attempt is made to enforce them. There is probably another way in which the city can present the constitutional question and that is by motion to vacate and set aside the entire proceeding on the ground that it was wholly unauthorized by law, and for such a motion the case of *Matter of the City of Buffalo* (78 *N. Y.*, 362) would seem to be authority.

The appeal should be dismissed, with costs.

All concur, except FOLGER, Ch. J., absent.