IN THE MATTER OF THE PETITION OF CYRUS W. SWAN AND OTHERS TO DRAIN CERTAIN LANDS, ETC.

*Drainage of swamps — no appeal lies from an order directing a further assessment — when an assessment may be laid before the title to the easement has been acquired — 1881, chap. 608.*

An order of a county judge directing a further assessment of damages to be made in proceedings instituted for the drainage of swamps, as provided in section 1 of chapter 608 of 1881, is final and conclusive, and no appeal lies therefrom to the General Term either on questions of law or of fact.

*It seems,* that where proceedings for the drainage of swamps are instituted under the general acts, the acquisition of the title to the easement to be taken is not an essential prerequisite to the laying and confirmation of an assessment for the damages to be occasioned.

*People ex rel. Williams* v. *Haines* (49 N. Y., 587) distinguished.

APPEAL from an order of the Niagara County Court, made December 28, 1883, adjudging and determining a new assessment to be necessary for the payment of all obligations incurred in the above entitled proceeding.

*John T. Murray,* for the appellant, Earl Pierce.

*Ellsworth & Potter,* for the respondents, commissioners.

SMITH, P. J.:

This proceeding was commenced in April, 1870, under chapter 888 of the Laws of 1869, known as the general drainage act, for the purpose of draining a tract of land in the towns of Cambria and Wilson, in the county of Niagara, containing about ten thousand. acres, and consisting of seventy-five separate parcels of land belong-ing to as many different owners. Commissioners were appointed who estimated the cost of the work, including land damages, and expenses at $18,315.79, and assessed that sum upon the said ten thousand acres, apportioning the same among the several parcels thereof. Some of the landowners so assessed appealed from said assessment to the county judge of Niagara but the appeals were dismissed, and the order dismissing them was affirmed by this court. Writs of *certiorari* were then sued out by some of the landowners who had appealed, to review the proceedings of the commissioners in this court, but the writs were quashed. Thereafter the relators who sued out said writs, brought an action in this court to restrain the commissioners from collecting said tax, but after trial, the complaint was dismissed in July, 1876. These several proceedings were decided adversely to the persons who brought them, on the ground that their remedy was by appeal to the County Court. In the meantime the commissioners had let the work by contract, and the contracts were completed and the work was accepted before the 1st of December, 1872. For the purpose of carrying on the work, the commissioners in 1870 borrowed $7,700, and signed and issued interest bearing obligations therefor. They collected the sum of $17,903.05 on said assessment, less the sum of $3,041.65 deducted or allowed for land damages or right of way, and only the sum of $412.74 remained uncollected on said assessment, and they paid out on account of said improvement all that they collected except the sum of $1,350.34. In consequence of the expense and delay caused by said litigation, the commissioners found that the sum collected on the said assessment was insufficient to meet the entire cost of the said work and the necessary incidental expenses connected therewith, and on the first day of March, 1882, in pursuance of the provisions of chapter 608 of the Laws of 1881, they made a further assessment upon the property originally assessed, of the sum of $4,001.48 less the amount of assets available to reduce the same, to provide for

such deficiency, and filed an order to that effect. From that order an appeal was taken to the Niagara County Court by Earl Pierce, who is the owner of a farm on which part of the drains made by the commissioners are located, and who took his title subsequent to the first assessment, from the person who owned the same at the time of said assessment, and who was assessed thereon for benefits from said improvements. Upon that appeal the order was set aside without prejudice to the right of the commissioners to file a new order and statement. On the first day of January, 1883, they filed another statement and order, and made a new and further assessment for the sum of $6,697.30, to meet said deficiency. From that order the said Pierce appealed to the County Court, and from the order of that court affirming the same, this appeal is taken.

The appellant is met by the objection that the order of the County Court is not appealable. The act of 1881 provides that the determination of the County Court upon an appeal from an order making a further assessment to provide for a deficiency, as authorized by said act, shall be "final and conclusive." The act of 1869 contained a similar provision in regard to the order made upon an appeal from an original assessment (sec. 12), but the same section gave an appeal from such order to this court on questions of law. The Court of Appeals held that those two provisions made the order final upon matters of fact, but subject to appeal upon questions of law arising under that act. (*Matter of Ryers and others*, 72 N. Y., 1.) There is no provision in the act of 1881, giving an appeal to review any question whatever, and such right of appeal does not exist unless it can be found elsewhere.

The provision in the act of 1881, that the determination of the County Court shall be final and conclusive, excepts the case from the operation of the prior general statute providing for an appeal to this court from orders in special proceedings. (Code of Civil Pro., § 1357.) Even if the general statute had been adopted subsequently to the act of 1881, it would not have operated as a repeal or amendment of the latter in respect to the limitation referred to. (*In the Matter of the Application of the Comrs. of Central Park, etc.*, 50 N. Y., 493.)

Nor do we think that the act of 1881 can be regarded as a part of the act of 1869, so as to bring it within the provision giving

an appeal from any question of law arising under the latter act. It amends the previous legislation on the subject of drainage by adding a separate section, complete in itself, and giving a new remedy in the shape of a supplemental assessment. As the further assessment is to be levied upon the same property upon which the original assessment was made, it is not likely that it would give rise to any questions of law not involved in the first assessment. To give an appeal from the second assessment for the purpose of raising questions that were, or might have been, litigated on appeal from the first assessment, would not only be unnecessary, but mischievous and unjust. The fact that the original assessment stands unreversed is conclusive evidence that a further assessment is proper in case of a deficiency. The only question now discussed by the appellant on the merits, to wit, whether the order of assessment is void, for the reason that title to the easement had not been acquired when the order was made, is one which was involved in the original assessment, and might have been raised by appeal from the original order. The only questions open on the further assessment are questions of fact, and they have been reviewed by the County Court, and the decision of that court is conceded to be conclusive as to them.

For these reasons we are of the opinion that the appeal should be dismissed. But as the question is new and the case is an important one, we have looked into the merits. The case of *People ex rel. Williams* v. *Haines* (49 N. Y., 587) is relied on by the learned counsel for the appellant in support of his contention, that no assessment can lawfully be levied until title to the easement has been acquired by grant. That case arose under a special statute for the draining of lands in the town of Royalton. (Laws 1867, chap. 774.) In some material respects it differs from the general drainage act. We think a careful reading of the latter act will show that where it becomes necessary for the commissioners to condemn lands by legal proceedings for that purpose, it is not requisite that the title to such lands shall be acquired before an assessment can be made. As soon as the amount of damages to be paid for such lands is ascertained, the commissioners may proceed to make an assessment. (Sec. 10.) That the payment of such damages is not a prerequisite to the power of assessment, seems apparent from the provision in section

eleven, that "in cases where any persons have been awarded land damages, such damages shall be deducted from the assessment, and only the balance shall be collected." That provision is meaningless, if all damages must be paid before an assessment can be made. No such provision was contained in the act which was the subject of interpretation in *People* v. *Haines*.

In the present case the commissioners had obtained grants of the easement from all of the seventy-five owners except twelve. Only one of the grants was acknowledged or witnessed so as to entitle it to be recorded, but all were valid and sufficient conveyances as between the parties to them, and the commissioners, with the consent of all of the grantors, had entered upon their respective lands and constructed the ditch. The ditch was notice to subsequent purchasers of the existence of the easement. That was enough to bring the case within the ruling in Haines' case, as we understand it, as to all the owners except the twelve who did not execute grants. As to them, proceedings to acquire the title had been instituted under the statute, and the amount of damages to be paid to each had been fixed by a report of the commissioners of appraisal duly confirmed. All that was lacking to perfect the title was payment or deposit of the amount of damages, and in view of the facts stated in the appeal book, it is to be presumed that the commissioners have no means of making such payment, except such as they may realize from said further assessment. And when realized they will be under a legal duty to so apply it. If the case were before us on the merits, we would think it our duty to affirm the order, but for the reasons already stated, the appeal is dismissed.

HARDIN and BARKER, JJ., concurred.

Appeal dismissed, with costs.