REMSEN et al. v. WHEELER et al.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. MUNICIPAL CORPORATIONS—ASSESSMENTS—LIFE-TENANT—LEASE BY EXECUTOR.
   Testator devised land to his three executors, in trust that they should in their discretion allow his daughter to reside on it for life, or rent it and pay her the income for her life. Two of the executors leased the land for the daughter's life and the daughter conveyed her life-estate to the lessee. There was no evidence whether the third executrix was living or dead, or whether she assented to the lease. *Held,* that the land was properly assessed with a flagging charge in the name of the lessee as owner.

2. SAME—VALIDITY OF ASSESSMENT.
   In an action by the vendors of land to recover of a purchaser under an illegal flagging assessment the amount paid to him by plaintiffs' vendee to redeem the land, and deducted from the purchase money, the validity of the assessment cannot be assailed on the ground that it was more than half the value of the lots, when plaintiff had notice of the assessment, and did not make that objection before the assessment was established.

Appeal from special term, Kings county.

Action by Margaretta Remsen and others against George S. Wheeler and the city of Brooklyn, to require the said city to pay over to plaintiffs certain money paid for redemption of land from an illegal assessment, and to enjoin it from paying it to defendant Wheeler. The plaintiffs sold the land in question to one Lynch, who found that it had been sold on an assessment for water and flagging, and purchased by Wheeler. Lynch paid the money to the registrar of arrears, to redeem the property, and deducted it from the purchase money paid to plaintiffs. At the special term judgment was rendered for defendants on the ground that the payment was voluntary, and that judgment was affirmed on appeal to the general term. An appeal was taken to the court of appeals, where the judgment of the general term was reversed, and the cause remanded. 12 N. E. Rep. 564. Upon the second trial judgment was rendered for plaintiffs, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*A. F. Jenks* and *William T. Gilbert,* for appellant city of Brooklyn. *Johnson & Lamb,* (*Jesse Johnson,* of counsel,) for appellant Wheeler. *A. P. Bates,* for respondents.

BARNARD, P. J. The present case is not essentially different from the same as it stood on the former appeal. The court of appeals held that the assessment for water-rates was void, but left a question as to the assessment of flagging to be settled by a new trial. It now appears that the assessment for flagging was made upon the lands against George A. Powers as owner. The

evidence shows that the title is as follows: The land originally belonged to Thomas Poole. He died in 1831, and left a will, by which he devised the lands to his three executors, in trust to permit, "in their discretion," his daughter Eliza to live on the property for life, or they might rent the same from year to year or longer, and, after paying expenses, to pay the remainder annually to her during her life. In 1855, two of the executors made a lease to George A. Powers for the life of Eliza, testator's daughter. This lease, asserted that the daughter had conveyed her life-estate to Powers, and that she had requested the lease to be made. The rent reserved to Eliza Tyson, testator's daughter, was $800 a year. Simultaneously with this lease, Eliza Tyson and her husband conveyed to Powers all her interest in the property for the life of Eliza, at and for the sum of $800 annual payment. The only objection to the lease by the executors is that only two of the executors named in the will appeared to have signed it. There is no proof whether the other executor was living or dead, and none that she ever refused her assent to its execution, or the contrary. The lease "was known to all the heirs; it was a matter of record." Under this proof as to the assessment, Powers had an estate in freehold in the property, which could be assessed to him as owner. He was also occupant, but the land was not assessed to him as occupant, and the fact is immaterial to the present issue. The objection that the assessment does not show that it did not exceed half the value of the lots is not apparent. The flagging assessment is but an extract from the roll. Such a question should not be permitted to assail an assessment of which the taxpayer had notice, and which was duly established without objection, so far as the case discloses. *In re Central Park*, 50 N. Y. 493. The presumption is that an assessment thus verified is valid, and safe from collateral attack. These considerations lead us to the conclusion that the flagging assessment was valid, and that therefore the judgment should be reversed, and a new trial granted; costs to abide event. All concur.