attorney when the bill was first presented, a letter from such party denying his liability, and stating that he acted under the direction of the defendant was held to be inadmissible.    Parsons *v.* Ramsey, 54 Hun, 633.

A statement sent to a mercantile agency by a person other than the buyers of the goods, and with which they are in no way connected, is not admissible to show that the sale was fraudulent, either as against them or their assignee, though the latter is the person who sent such statement.    Morris *v.* Wells, 54 Hun, 634.

Where the defendants, in an action for goods sold, are charged with fraud in obtaining the goods and also in their disposition after the sale, the declarations of a third person in whose rooms the goods were discovered, are inadmissible as against the defendants.    Hoguet *v.* Berkman, 6 N. Y. Supp. 214.    The judgment record in an action brought by such third person against the creditor for the seizure of the goods under an attachment is not competent in such action.    Id.

On an application for a writ of mandamus to compel excise commissioners to issue a license to the relator, the declarations of a person as to his interest in the business are not admissible against the relator, when not made in his presence, or with his knowledge, or by such person as his agent.    People *ex rel.* Kunse *v.* Woodman, 23 N. Y. St. Rep. 88.

---

In the Matter of the Application of the Mayor, etc., Relative to the Extension of LAFAYETTE PLACE.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Municipal corporations.    Special proceedings.*—An application by commissioners of estimate to extend a street in New York city is a special proceeding.

2. *Same.    Limitation.*—An action to enforce compensation for the services of the commissioners of estimate and to refund their disbursements is required, under section 382 of the Code, to be commenced within six years.

3. *Same.*—Where the right to compensation accrued before the time when the part of the Code relating to limitations went into operation, section 414 allowed them two years in which to commence their action after the Code took effect.

4. *Same.*—If a demand is required, the time begins to run when the right to make it is complete.

5. *Same.*—The defense of the statute of limitations cannot be taken on a

reference to take proof as to the amount of the costs, charges and expenses of the commissioners; but, when an action is brought to enforce it, this defense can be interposed by answer.

Appeal from an order directing a reference to take proof as to the amount of the costs, charges and expenses of the commissioners of estimate and assessment appointed in this proceeding.

*David J. Dean*, for appellant.

*John C. Shaw*, for respondent.

DANIELS, J.—This proceeding was commenced prior to the year 1872. Its object was to take the necessary legal measures to extend Lafayette Place southerly from its termination at Great Jones street to the northerly line of Bleecker street.

In March, 1872, while the proceeding was pending and incomplete, it was brought before the common council of the city for further consideration and action, and at that time the resolution of October 11, 1869, authorizing the proceedings to be taken, was rescinded and repealed. That was a complete termination of what had previously been authorized for this object, and at that time the rights of the commissioners of estimate to their compensation became complete.

There was nothing further to be done by them beyond their own act in making out and authenticating their account. But they took no measure or proceeding for that object, but allowed their claim to remain in this condition until the 30th of June, 1887, when they gave notice of the motion, which upon its hearing resulted in the order from which this appeal has been brought.

The objection presented to the making of the order was, that the commissioners had by their delay deprived themselves of the right to this compensation and reimbursement; and that objection seems to be supported by the statute.

29

According to the authorities this was what was known in the law as a special proceeding. Matter of Central Park, etc., 50 N. Y. 493. And the liability to make compensation for the services of the commissioners and to reimburse their disbursements arose under the statutes relating to these proceedings. And where the object is to enforce such liability then by § 382 of the Code of Civil Procedure an action for that purpose is required to be commenced within six years. People v. French, 31 Hun, 617. The fact that the claim of the commissioners has arisen out of a special proceeding commenced prior to the time of the adoption of this part of the Code in no way changes or extends their rights or the liability of the city. For by § 414 of the same Code the provisions prescribing the time within which actions shall be commenced are made applicable also to special proceedings. And under the provisions contained in this section, as the commissioners were entitled to commence an action for the recovery of their demand at the time when this part of the Code took effect, they were thereby allowed the period of two years after that in which to commence their action. This part of the Code, by § 3356, went into operation in 1877, after the commissioners had delayed taking any proceedings whatever for the collection of their claim for the period of five years and upwards, and it secured to them only two additional years within which they were still at liberty to take the necessary proceedings. But they failed to do that.

They made no application for payment and took no proceedings whatever to enforce it. If a demand was required to be made by them, they could not delay or intercept the effect of the statute by omitting to make it. For by § 410 of this Code, where a demand may be necessary to entitle a person to maintain an action, the time within which it is to be commenced must be computed from the time when the right to make the demand is complete. Certain cases have been excepted from this part of the section, but they have no application to the claim of these commissioners.

Since these provisions have taken effect, a longer period of time has elapsed than that which, by § 382 of the Code, which in this respect is the same as the preceding law, has been allowed within which an action for the recovery of this demand could be instituted.

But assuming, as that appears to be justified, that the commissioners' claim has become barred by these provisions of the statute of limitations, still the objection does not appear to be available as it has now been relied upon by the city. For by § 413 the objection that the action is not commenced within the time limited can be taken only by answer. And this proceeding afforded no opportunity or means of presenting it in this manner. Its object is to obtain proof indicating the extent of the demand by the commissioners. The proceeding, as it has been taken, can result in no prejudice to the defendant, nor in any obligation requiring the payment of the commissioners' claim or any part of it. But when its extent shall be ascertained, that will then form the subject of an action in which this defense of the statute of limitations can be interposed as the law has provided that shall be done. Blunt v. The Mayor, 9 Hun, 330.

But as the objection was taken that the order should not be made on account of this long period of delay, to avoid the possibility of any prejudice to the city in its defense when an action to recover the amount may be commenced, the order should be so far modified as to declare that it shall in no manner affect the right of the city to rely upon the defense of the statute of limitations, and as so modified affirmed, without costs to either party.

VAN BRUNT, P. J., and BRADY, J., concur.

NOTE ON "MANNER OF TAKING THE DEFENSE OF THE STATUTE OF LIMITATIONS."

The statute of limitations in a special proceeding should, *it seems*, be taken on the return of the original order, or, at least, during the pendency

of the proceedings.   Bolt *v*. Hauser, 19 Civ. Pro. 210.   It cannot be reserved for a motion to vacate the final order.   Id.

The plaintiff is not bound to anticipate a plea of the statute of limitations by alleging the payment relied upon to take the case out of its operation.   Ramsey *v*. Barnes, 20 Civ. Pro. 84.   He may prove such payments though not alleged.   Id.

An allegation, in an answer, that the cause of action contained in the complaint has accrued more than six years before the commencement of the action, is a good plea of the statute of limitations.   Jex *v*. Mayor, etc., 47 Hun, 633.   The expression " cause of action " is synonymous in such a case with " right to commence the action."   Id.

In pleading the statute of limitations, it is sufficient to aver that more than six years had elapsed since the cause of action accrued.   Jex *v*. Mayor, etc., 111 N. Y. 339.   It is not necessary to aver that, in addition to the six years, the thirty days allowed the city by its charter to pay the claim after presentation and during which the claimant is prohibited from bringing suit, has also elapsed.   Id.

An answer, in an action for the cancellation of a deed for fraud, that the right of action did not accrue within six years before the commencement of the action, is sufficient.   Piper *v*. Hoard, 107 N. Y. 67.

An answer, which contains an averment " that the defendant has settled and paid plaintiff for all deal, accounts, matters and things he has ever had with plaintiff, and denies that he is indebted to her in any sum whatever, and that more than six years have elapsed since the matter and things mentioned in plaintiff's complaint, or any of them, have become due," was held not to contain a proper plea of the statute of limitations to notes set up by plaintiff.   Eno *v*. Diefendorf, 102 N. Y. 520.