Judgment and order affirmed, with costs. All concur.

---

(67 Hun, 190.)

In re CLAY ST.

In re WILLARD et al.

(Supreme Court, General Term, Fourth Department. February, 1893.)

MUNICIPAL CORPORATIONS—OPENING STREETS—BOARD OF PUBLIC WORKS.

Laws 1869, c. 714, as amended by Laws 1886, c. 162, provides that the common council of the city of W. shall perform the duties of commissioners of highways in towns, and have power to extend streets. Laws 1891, c. 180, § 9, creates a board of public works of the city of W., and declares the board shall have all the powers of commissioners of highways in towns, and have

exclusive control of streets, except the power to grant right of use of streets by railroad companies, already conferred on the mayor and council. *Held,* that the latter statute transferred to the board of public works the powers conferred on the council by the former acts.

Appeal from special term, Jefferson county.

Application by the board of public works of the city of Watertown to take lands for the extension of Clay street. From an order confirming the report of the board to extend the street, Sterling A. Willard and others appeal. No appeal was taken from the order appointing such commissioners; nor is there any statement in the notice of appeal from the final order of condemnation that the appellants intended to bring up such order for review, as provided by section 1301 of the Code of Civil Procedure. Affirmed.

On September 7, 1891, the board of public works of the city of Watertown passed a resolution setting forth that an application had been made to open Clay street from Academy street to Keyes avenue; that, in the judgment of the board, such extension should be made, and directing the city engineer and surveyor to prepare a map, profile, and description of the land necessary to be taken for that purpose. On September 21, 1891, such map being presented and filed, a further resolution was passed by the board that Clay street be extended and opened; that the land described therein be appropriated for that purpose; that notice be given as required by the charter to all persons interested in the land taken to file their claims for damages with the chamberlain of the city before October 8, 1891; that, in case any claim was filed, an application would be made to the county court of Jefferson county on the 25th of November, 1891, for the appointment of three commissioners to ascertain the damages as claimed, and directing the city attorney to take such legal steps as might be required to carry such resolution into effect. Claims were filed by Henry Court and Sarah Court. On November 25, 1891, the county court of Jefferson county made an order appointing three commissioners to assess the damages caused by opening such street. The commissioners thus appointed took the oath of office, fixed the time and place of their meeting, and gave notice of the same, as required by law. At the time and place so appointed, and on subsequent days to which the proceedings were adjourned, the commissioners viewed the premises, and heard the proofs and allegations of the parties. On January 23, 1892, they duly made a report of their proceedings, and the same was filed in the office of the chamberlain of said city. Notice was given of the filing of the report, that it might be examined by all persons interested; that all persons desiring to object thereto should file their objections, in writing, with the city chamberlain before the 23d of April, 1891, and that on that day such report would be presented at the special term of this court for confirmation. Objections were filed to the report. Upon such report, the testimony taken by said commissioners, objections to the report, the affidavits of E. C. Emerson, Sterling A. Willard, J. B. Wise, W. W. Conde, C. E. Brown, and Norris Winslow, and upon all the papers and proceedings had, and after hearing counsel in favor of the confirmation of such report, and counsel in opposition thereto, an order was made in all things approving and confirming such report.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

E. C. Emerson, for appellants.

John N. Carlisle, for respondent city of Watertown.

Watson M. Rogers, for respondents Richards G. Keyes and others.

MARTIN, J. The determination of the special term from which this appeal is taken is sought to be reversed upon the ground that, under the charter of the city of Watertown, the power to open streets and take lands for that purpose is vested solely in the common council, and not in the board of public works, and, therefore, that the proceedings

in this case were void for want of jurisdiction; hence the first question to be determined upon this appeal is whether such power is vested in the board of public works. The determination of this question is dependent upon the construction of section 9, c. 180, of the Laws of 1891, entitled "An act to establish a board of public works in the city of Watertown." To a proper understanding of the intent of the legislature, it is perhaps necessary to examine the statutes relating to the subject, as they existed at the time the act of 1891 was passed. The city of Watertown was incorporated by an act of the legislature passed May 8, 1869, (Laws 1869, c. 714.) Title 7 of that act provided for the care of the streets, highways, bridges, and public improvements of the city. That title, as it was amended by chapter 162 of the Laws of 1886, declared:

"The common council shall have the power to perform the duties, and be subject to the liabilities, of commissioners of highways in towns, with the exceptions and modifications contained in this act. The common council shall have full power and authority, by order, recorded in the city records, to lay out, open, make, mend, build, repair, alter, widen, construct, straighten, extend, or discontinue streets, lanes, public squares, alleys and highways, walks, bridges, drains and sewers, in the city, whenever they shall deem the public good to require it."

It then provided the manner of laying out such streets and highways, how the damages should be assessed and collected, and specified in detail the procedure to be adopted. While the law stood thus, the act of 1891 was passed providing for the appointment of four commissioners to be known as the "Commissioners of Public Works of the City of Watertown." It then provided:

"Sec. 9. The said board shall have all the powers and discharge all the duties of commissioners of highways of towns, as given by and with the exceptions and modifications contained in an act entitled 'An act to incorporate the city of Watertown,' passed May eighth, eighteen hundred and sixty-nine, and the several acts supplemental thereto and amendatory thereof. They shall have the exclusive control of the construction, improvement, repair, and cleaning of streets, highways, alleys, avenues, gutters, sewers, culverts, sidewalks, cross walks, parks, and bridges; of the sprinkling of the streets; of the paving of the streets; and of the purchase of supplies and materials therefor. This provision shall not be construed as transferring to said board the power conferred on the mayor and common council to grant right of use of streets by railroad corporations, and prescribing conditions thereof."

It also provides:

"The board may make such rules and regulations as it may deem best * * * for the manner of excavating and opening of any of the streets and highways of said city." Section 15.

While the language of the statute of 1891 is inapt and ambiguous, so far as it relates to the question before us, yet, when we consider the then existing statutes, and the various provisions of that statute, we are led to believe that the legislature intended to transfer the powers and duties that were conferred upon the common council by title 7 of the charter to the board of public works, including the power to lay out streets and highways therein, and that the procedure therein provided should be pursued by the board in exercising these powers, and in performing these duties. It will be observed that section 9 confers upon the board all the powers, and imposes upon it all the duties, "of commissioners of

highways of towns, as given by and with the exceptions and modifica-
tions contained" in the charter of the city, as amended.    When we turn
to the charter, we find that no powers are granted or duties imposed
upon commissioners of highways of towns, as such, but find that the
common council is given the power to perform the duties, and is made
subject to the liabilities, of commissioners of highways in towns, with
certain exceptions and modifications contained in that act, and that full
power and authority is conferred upon the council to lay out and open
streets and highways in the city.    The only commissioners of highways
mentioned in the act incorporating the city to whom any powers are
granted, or upon whom any duties are imposed, are the common coun-
cil.    It was to the common council, as commissioners of highways of
the city, and to the powers that were given to the council by the char-
ter, that the legislature referred in section 9.    That the legislature in-
tended to confer upon the board of public works substantially the same
powers and duties as were previously given and imposed upon the com-
mon council is also indicated by the provision that the first two sen-
tences of section 9 should not be construed as transferring to the board
the power conferred upon the mayor and common council to grant the
right of use of streets by railroad corporations.    This exception, we
think, discloses that it was the purpose of the legislature to confer upon
the board of public works all the duties and powers that had previously
rested in the common council in relation to the streets and highways of
the city, except in the particular mentioned.    Moreover, if it was the
intent of this statute to vest in the board of public works only the pow-
ers possessed by commissioners of highways of towns, which include
the power to lay out highways, and that the power vested in the com-
mon council in that respect should remain, it would follow that the
board and council would have concurrent power to lay out and discon-
tinue highways in the city.    If such was the law, much confusion
would arise, and a conflict between the board and council would be li-
able to occur.    That the legislature intended to vest such concurrent
power in the board and council, when it must have been manifest that
conflict and confusion might be the result, we cannot believe.    We
think the court properly held that the board of public works had power
to lay out the street in question, and that the order appealed from should
not be reversed upon the ground that such power rested in the common
council.    If we are correct in this conclusion, it is at least doubtful if
the other questions raised by the appellants as to the form of the report
of the commissioners, and their method of apportioning the damages,
are the subject of review on this appeal.    The statute which prescribed
the mode of procedure in laying out a street or highway in the city of
Watertown declares that, if the court confirms the determination and
assessment of the commissioners, "it shall be final and conclusive," thus
plainly indicating the intention of the legislature that every question
connected with the determination and assessment should be finally de-
termined by the court making such order of confirmation.    In re Com-
missioners of Central Park, 50 N. Y. 493; People v. Betts, 55 N. Y.
600; In re Delaware & H. Canal Co., 69 N. Y. 211; In re Prospect Park

& C. I. R. Co., 85 N. Y. 489. But, be that as it may, we think the order should be affirmed, as we have examined the other questions raised by the appellants, and have found no reason to disturb the decision of the special term. We are of the opinion that the board of public works had jurisdiction to lay out the street in question; that the proceedings were valid, and that the order appealed from should be affirmed. Or-. der affirmed, with one bill of costs on this appeal, to be paid by the appellants. All concur.