IN THE MATTER OF THE APPLICATION OF THE BOARD OF PUBLIC WORKS OF THE CITY OF WATERTOWN TO TAKE LANDS FOR THE EXTENSION OF CLAY STREET.

STERLING A. WILLARD AND OTHERS, APPELLANTS, *v.* THE BOARD OF PUBLIC WORKS AND OTHERS, RESPONDENTS.

*Street opening in the city of Watertown — power of the Board of Public Works — appeal in such proceeding — chap.* 180 *of* 1891; *chap.* 162 *of* 1886.

*Semble*, that the legislature intended, by section 9 of chapter 180 of the Laws of 1891, entitled "An act to establish a Board of Public Works in the city of Watertown," to transfer the powers and duties conferred upon the common council by title 7 of the charter of that city (chapter 714 of the Laws of 1869, as

amended by chapter 162 of the Laws of 1886), including the power to lay out streets and highways, to the Board of Public Works, and that the procedure therein provided should be pursued by that board in exercising these powers and performing these duties.

As the statute (Laws of 1886, chap. 162), which prescribes the mode of procedure in laying out a street or highway in the city of Watertown, declares (§ 7) that if the court confirms the determination and assessment of the commissioners appointed to assess damages "it shall be final and conclusive," it is at least doubtful if questions as to the form of the report of the commissioners and their method of apportioning damages are the subject of review on appeal from an order confirming the report of such commissioners.

APPEAL by Sterling A. Willard, Nancy Haas, Sarah Court and Henry Court, objectors, from an order made at the Jefferson County Special Term, entered in the Jefferson county clerk's office May 14, 1892, confirming the report of commissioners appointed to ascertain and assess the damages caused by the taking of land for the opening of Clay street, in the city of Watertown.

No appeal was taken from the order appointing such commissioners, nor is there any statement in the notice of appeal from the final order of condemnation that the appellants intended to bring up such order for review, as provided by section 1301 of the Code of Civil Procedure.

On September 7, 1891, the Board of Public Works of the City of Watertown passed a resolution setting forth that an application had been made to open Clay street from Academy street to Keyes avenue; that, in the judgment of the board, such extension should be made, and directing the city engineer and surveyor to prepare a map, profile and description of the. land necessary to be taken for that purpose. On September 21, 1891, such map being presented and filed, a further resolution was passed by the board that Clay street be extended and opened; that the land described therein be appropriated for that purpose; that notice be given, as required by the charter, to all persons interested in the land taken to file their claims for damages with the chamberlain of the city before October 8, 1891; that in case any claim was filed an application would be made to the County Court of Jefferson county on the 25th of November, 1891, for the appointment of three commissioners to ascertain the damages as claimed, and directing the city attorney to take such legal steps as might be required to carry such resolution into effect.

Claims were filed by Henry Court and Sarah Court. On November 25, 1891, the County Court of Jefferson county made an order appointing three commissioners to assess the damages caused by opening such street. The commissioners thus appointed took the oath of office, fixed the time and place of their meeting, and gave notice of the same as required by law. At the time and place so appointed, and on subsequent days to which the proceedings were adjourned, the commissioners viewed the premises and heard the proofs and allegations of the parties.

On January 23, 1892, they duly made a report of their proceedings, and the same was filed in the office of the chamberlain of said city. Notice was given of the filing of the report; that it might be examined by all persons interested; that all persons desiring to object thereto should file their objections in writing with the city chamberlain before the 23d of April, 1891, and that on that day such report would be presented at the Special Term of this court for confirmation. Objections were filed to the report. · Upon such report, the testimony taken by said commissioners, objections to the report, the affidavits of E. C. Emerson, Sterling A. Willard, J. B. Wise, W. W. Conde, C. E. Brown and Norris Winslow, and upon all the papers and proceedings had, and after hearing counsel in favor of the confirmation of such report, and counsel in opposition thereto, an order was made in all things approving and confirming such report.

*E. C. Emerson*, for the appellants.

*John N. Carlisle*, for the respondent, City of Watertown.

*Watson M. Rogers*, for the other respondents.

MARTIN, J.:

The determination of the Special Term from which this appeal is taken, is sought to be reversed upon the ground that, under the charter of the city of Watertown, the power to open streets and take lands for that purpose is vested solely in the common council, and not in the Board of Public Works, and, therefore, that the proceedings in this case were void for want of jurisdiction. Hence, the first question to be determined upon this appeal is whether such power is vested in the Board of Public Works. The determination

of this question is dependent upon the construction of section 9, chapter 180 of the Laws of 1891, entitled "An act to establish a Board of Public Works in the city of Watertown." To a proper understanding of the intent of the legislature, it is, perhaps, necessary to examine the statutes relating to the subject, as they existed at the time the act of 1891 was passed.

The city of Watertown was incorporated by an act of the legislature passed May 8, 1869. (Laws of 1869, chap. 714.) Title 7 of that act provided for the care of the streets, highways, bridges and public improvements of the city. That title, as it was amended by chapter 162 of the Laws of 1886, declared: "The common council shall have the power to perform the duties, and be subject to the liabilities of commissioners of highways in towns, with the exceptions and modifications contained in this act; the common council shall have full power and authority, by order, recorded in the city records, to lay out, open, make, mend, build, repair, alter, widen, construct, straighten, extend or discontinue streets, lanes, public squares, alleys and highways, walks, bridges, drains and sewers in the city, whenever they shall deem the public good to require it."

It then provided the manner of laying out such streets and highways, how the damages should be assessed and collected, and specified, in detail, the procedure to be adopted.

While the law stood thus, the act of 1891 was passed, providing for the appointment of four commissioners to be known as the Commissioners of Public Works of the City of Watertown. It then provided: "§ 9. The said board shall have all the powers, and discharge all the duties of commissioners of highways of towns, as given by and with the exceptions and modifications contained in an act entitled 'An act to incorporate the city of Watertown,' passed May eighth, eighteen hundred and sixty-nine, and the several acts supplemental thereto and amendatory thereof. They shall have the exclusive control of the construction, improvement, repair and cleaning of streets, highways, alleys, avenues, gutters, sewers, culverts, sidewalks, cross-walks, parks and bridges; of the sprinkling of the streets; of the paving of the streets, and of the purchase of supplies and materials therefor. This provision shall not be construed as

transferring to said board the power conferred on the mayor and common council to grant right of use of streets by railroad corporations, and prescribing conditions thereof." It also provides: "The board may make such rules and regulations as it may deem best * * * for the manner of excavating and opening of any of the streets and highways of said city." (Sec. 15.)

While the language of the statute of 1891 is inapt and ambiguous, so far as it relates to the question before us, yet, when we consider the then existing statutes and the various provisions of that statute, we are led to believe that the legislature intended to transfer the powers and duties that were conferred upon the common council by title 7 of the charter, to the Board of Public Works, including the power to lay out streets and highways therein, and that the procedure therein provided should be pursued by the board in exercising these powers, and in performing these duties.

It will be observed that section 9 confers upon the board all the powers, and imposes upon it all the duties " of commissioners of highways of towns *as given by* and with the exceptions and modifications contained" in the charter of the city as amended.

When we turn to the charter we find that no powers are granted or duties imposed upon commissioners of highways of towns as such, but find that the common council is given the power to perform the duties, and is made subject to the liabilities of commissioners of highways in towns with certain exceptions and modifications contained in that act, and that full power and authority is conferred upon the council to lay out and open streets and highways in the city. The only commissioners of highways mentioned in the act incorporating the city to whom any powers are granted or upon whom any duties are imposed is the common council. It was to the common council as commissioners of highways of the city, and to the powers that were given to the council by the charter, that the legislature referred in section 9. That the legislature intended to confer upon the Board of Public Works substantially the same powers and duties as were previously given and imposed upon the common council, is also indicated by the provision that the first two sentences of section 9 should not be construed as transferring to the board the power conferred upon the mayor and common council to grant the right of use of streets by railroad corporations. This

exception, we think, discloses that it was the purpose of the legislature to confer upon the Board of Public Works all the duties and powers that had previously rested in the common council, in relation to the streets and highways of the city, except in the particular mentioned.

Moreover, if it was the intent of this statute to vest in the Board of Public Works only the powers possessed by commissioners of highways of towns, which includes the power to lay out highways, and that the power vested in the common council in that respect should remain, it would follow that the board and council would have concurrent power to lay out and discontinue highways in the city. If such was the law much confusion would arise and a conflict between the board and council would be liable to occur. That the legislature intended to vest such concurrent power in the board and council, when it must have been manifest that conflict and confusion might be the result, we cannot believe.

We think the court properly held that the Board of Public Works had power to lay out the street in question, and that the order appealed from should not be reversed upon the ground that such power rested in the common council.

If we are correct in this conclusion, it is at least doubtful if the other questions raised by the appellants as to the form of the report of the commissioners, and their method of apportioning the damages, are the subject of review on this appeal. The statute, which prescribed the mode of procedure in laying out a street or highway in the city of Watertown, declares that if the court confirms the determination and assessment of the commissioners " it shall be final and conclusive," thus plainly indicating the intention of the legisla ture that every question connected with the determination and assessment should be finally determined by the court making such order of confirmation. (*Matter of Com. of C. P.*, 50 N. Y., 493; *People ex rel. S. and U. H. R. R. Co.* v. *Betts*, 55 id., 600; *Matter of D. and H. C. Co.*, 69 id., 211; *Matter of P. P. and C. I. R. R. Co.*, 85 id., 489.)

But, be that as it may, we think the order should be affirmed, as we have examined the other questions raised by the appellants and have found no reason to disturb the decision of the Special Term.

We are of the opinion that the Board of Public Works had juris-

diction to lay out the street in question; that the proceedings were valid, and that the order appealed from should be affirmed.

Hardin, P. J., and Merwin, J., concurred.

Order affirmed, with one bill of costs on this appeal to be paid by the appellants.