IN THE MATTER OF THE APPLICATION OF THE DEPART--
MENT OF PUBLIC PARKS TO ACQUIRE TITLE TO LANDS·
FOR "A ROAD OR PUBLIC DRIVE."

An award of the commissioners of estimate and assessment, appointed in
proceedings under the act of 1813 (chap. 86, Laws of 1813), to acquire·
lands for a street improvement in the city of New York, when confirmed
by the Supreme Court, is final and conclusive both upon the city and the·
owners; it is in the nature of a judgment and cannot be assailed col--
laterally.

Where, therefore, an award is made to "unknown owners" and upon
application to the court for the payment of the award there appears to be
conflicting claimants, the only question to be determined is, who is the
unknown owner? When ascertained he is entitled to the award the same
as if he had been known and the award made to him by name; it is
immaterial whether he owned an absolute fee or a fee subject to a public
easement; the amount awarded must be taken to have been made for·
his interest whatever it was.

Whoever enters upon land under an agreement to purchase does not hold·
adversely to the vendor until his agreement is fully performed so that
he is entitled to a conveyance.

A possession of land is not adverse so as to render a deed thereof void for·
champerty under the statute (1 R. S., 739, § 147) unless it be under claim
of a specific title.

D. entered into possession under a parol agreement with H. the owner, for··
the purchase of the land lying between two designated streets which
had been laid down upon maps but had not been opened as streets. At
that time the land was fenced along the center of one of the streets...
Two years thereafter D. took a deed bounding him by the outer line of
the street. H. died leaving a will by which he devised all his real estate·
to S. who executed a deed of the strip of land between the outer and
center line of the street to G. More than twenty years after the first
entry by D., who had remained in possession, but less than that time after·
the conveyance to him, the said strip of land was taken in proceedings to
acquire title for a road or public drive. An award therefor was made·
to "unknown owners," which was duly confirmed. Upon application
for the award made by G., *held*, that the award was conclusive upon
the city, and it could not question the right of the owner thereto; that
D. did not establish title by adverse possession, that the deed to G.
conveyed a valid title, and that he was entitled to the award.

(Argued April 23, 1878; decided May 21, 1878.)

APPEALS by George B. Grinnell and John Dalley, claimants, from an order of the General Term of the Supreme Court in the first judicial department, reversing an order of Special Term as to the disposition of an award to " unknown owners " made herein.

The nature of the proceedings and the facts appear sufficiently in the opinion.

*James A. Deering*, for appellant. The city was not entitled to the award on the assumption that the land for which it was made had been dedicated to public use. (Laws 1813, chap. 86, § 178; *Pittman* v. *Mayor, etc.*, 3 Hun, 372; 62 N. Y., 637; *Dolan* v. *Mayor, etc.*, id., 472; *In re Arnold*, 60 id., 26; *In re Commrs.*, 50 id., 493; *In re Seventy-sixth street*, 12 Abb. Pr., 317; *In re Sixty-fifth street*, 23 How. Pr., 256.) The order of confirmation was final and conclusive that the land had not been dedicated, and cannot be attacked or reviewed collaterally. (*Swift* v. *Poughkeepsie*, 37 N. Y., 511; *People* v. *Collins*, 19 Wend., 56; *Suprs.* v. *Briggs*, 2 Hill, 135; Laws 1813, chap. 86, § 178; Laws 1862, chap. 483; Laws 1865, chap. 565.) The award having been made of the fee of the land taken the court cannot in this proceeding go behind the report and order of confirmation and consider the award as representing a lesser interest in the land. (*Trinity Ch.* v. *Cook*, 21 How., 89; *Turner* v. *Williams*, 10 Wend., 140; *Gillespie* v. *Mayor*, 23 id., 645.) Before a dedication could be complete an acceptance was necessary on the part of the city. (*Niagara Co.* v. *Bachman*, 66 N. Y., 266; *Badeau* v. *Mead*, 14 Barb., 328; *Fonda* v. *Borst*, 2 Abb. Ct. App. Dec., 155; *Holden* v. *Cold Spring*, 21 N. Y., 474; *In re Eleventh Ave.*, 49 How. Pr., 208; Laws 1865, chap. 565, § 1; *Underwood* v. *Stuyvesant*, 19 J. R., 186; *Clements* v. *West Troy*, 16 Barb., 251; *Grinnell* v. *Kirtland*, 2 Abb. [N. C.], 386; 3 Hun, 372; 62 N. Y., 472.) Dalley's deed conveyed no title to the street. (*White's B'k* v. *Nichols*, 64 N. Y., 65; *Fearing* v. *Irvin*, 4 Daly, 385; *Sherman* v. *McKeon*, 38 N. Y., 266; *Bissell* v.

*Cent. R. R. Co.*, 23 id., 61; *Welmore* v. *Law*, 34 Barb,, 516; *People* v. *Law*, id., 494; *English* v. *Brennan*, 60 New York Reports, 609; *Child* v. *Starr*, 4 Hill, 369; *Hammond* v. *McLachlan*, 1 Sand., 322; *Jones* v. *Cowman*, 2 Sand., 234; *Van Amringe* v. *Barnett*, 8 Bosworth, 367. If Dalley entered into possession under his verbal agreement to purchase his holding was not adverse as against Harris until he completed the purchase and took a deed. (Code, §§ 82–84; 2 R. S., 292; Reviser's Notes, 3 id.; *Brandt* v. *Ogden*, 1 J. R., 156; *Smith* v. *Burtis*, 9 id., 174; *Howard* v. *Howard*, 17 Barb., 663; *Humbert* v. *Trinity Ch.*, 24 Wend., 587; *Sands* v. *Hughes*, 53 N. Y., 287; *Yates* v. *Van De Bogest*, 56 id., 526; *De Vye* v. *Schaffer*, 55 id., 446; *Briggs* v. *Prosser*, 14 Wend., 227; *Jackson* v. *Bond*, 4 J. R., 230; *Jackson* v. *Sharp*, 9 id., 163; *Jackson* v. *Spear*, 7 Wend., 401; *Jackson* v. *Johnson*, 5 Cow., 72.) All previous agreements between Harris and Dalley merged in the deed, and any right by adverse possession in Dalley was extinguished or enured to the benefit of the grantor. (*Jackson* v. *Camp*, 1 Cow., 610; *Houghtaling* v. *Lewis*, 10 J. R., 298; *Bayard* v. *Malcolm*, 1 id., 461; *Bridges* v. *Wyckoff*, 67 N. Y., 132; *Smyles* v. *Hastings*, 22 id., 217.) Grinnell's deed was not void under the statute of conveyances. (1 R. S., 732, § 147; *Crary* v. *Goodman*, 22 N. Y., 170; *Sands* v. *Hughes*, 53 id., 287; *Higginbotham* v. *Stodart*, 72 id.,      ; *Miller* v. *Pratt*, 5 Duer, 277; *Fish* v. *Fish*, 39 Barb., 513; *Hallas* v. *Bell*, 53 id., 247.) The law presumes a grant of land only in the case of incorporated hereditaments. (3 Washb. on R. P. [3d ed.], 52, 307; Wil. on R. E., 351; 4 Kent's Com., 491; Jacob's Law Dict.; Bouv. Law Dict.; *Munson* v. *Hungerford*, 6 Barb., 265; *Hoyt* v. *Carter*, 16 id., 213; *Stiles* v. *Hooker*, 7 Cow., 266; *Corning* v. *Gould*, 16 Wend., 531; 1 R. S., 739; *Ferris* v. *Brown*, 3 Barb., 105; *Cortelyou* v. *Van Brundt*, 2 J. R., 362.) In the case of adverse possession, the burden of proof is on the occupant. (Code, § 81; *Yates* v. *Van De Bogert*, 56 N. Y., 526.)

*Walter Howe*, for respondent. The report of the commissioners, when confirmed, was final and conclusive, as well upon the mayor as upon the owners. (Laws of 1813, chap. 86, § 178; *Fisher* v. *Mayor, etc.*, 57 N. Y., 349; *Dolan* v. *Mayor, etc.*, 62 id., 472; *Sup'rs, etc.*, v. *Briggs*, 2 Den., 26; *Pitman* v. *Mayor, etc.*, 3 Hun, 370; *Schuchardt* v. *Mayor, etc.*, 53 N. Y., 20; *In re Comrs. Cent. Park*, 50 id., 493; *In re Morningside Park*, 10 Abb. [N. S.], 338; *In re Comrs. Cent. Park*, 4 Lans., 472; *Harris* v. *Harris*, 36 Barb., 88; cited in 37 N. Y., 74; 58 id., 176.) There was no dedication of the land to the public. (*Cook* v. *Harris*, 61 N. Y., 448; *Taylor* v. *Hooper*, 62 id., 649; *Niagara Falls S. B. Co.* v. *Bachman*, 66 id., 261; 9 id., 257.) Acceptance was necessary to complete dedication. (Laws of 1860, chap. 210, § 5; Laws of 1865, chap. 565; *Lee* v. *Village of Sandy Hill*, 40 N. Y., 442; 61 id., 448; 62 id., 649; 66 id., 261.) Dalley had title by adverse possession. (Code, §§ 370–372; *Sherry* v. *Frecking*, 4 Duer, 454; *Crary* v. *Goodman*, 22 N. Y., 170; *Crossman* v. *Bradley*, 53 Barb., 249; *Humbert* v. *Trinity Ch.*, 23 Wend., 587; Tyler on Ejectm't and Ad. Enjoyment, 866, 884; *Perrin* v. *N. R. C. R. R. Co.*, 36 N. Y., 121; Waterman on Trespass, §§ 639, 698, 702; *Baker* v. *Salmon*, 32 Metc., 32; *Briggs* v. *Prosser*, 14 Wend., 229; *Morris* v. *Whitcher*, 20 N. Y., 47.) The deed under which Grinnell claimed was void, on the ground of champerty. (1 R. S., 739, § 147; *Crary* v. *Goodman*, 22 N. Y., 175; *Hamilton* v. *Wright*, 37 id., 267; *Jackson* v. *Elston*, 12 J. R., 453–454.)

Earl, J. Some time prior to June 3, 1873, application was made to the Supreme Court by the commissioners of public parks, and the commissioner of public works, on behalf of the city of New York, for the appointment of commissioners of estimate and assessment in a proceeding to acquire the title to certain lands, for the purpose of laying out a certain road or public drive. The commissioners were appointed, and entered upon the discharge of their duties as such, and,

among other things, awarded to "unknown owners" the sum of $1,547 for a certain parcel of land taken. Their report was confirmed June 3, 1873.

Grinnell, claiming to be the owner of the land taken, made application to the Supreme Court, by petition, to have the money thus awarded paid by the comptroller to the clerk of the city and county of New York, and then by such clerk to him. Upon the hearing upon such application the city appeared, and Dalley also appeared and claimed to be the owner of the land and the money. The court made an order directing the comptroller to pay the money to the clerk, and directing the clerk, on the receipt thereof, to deposit the same with the United States Trust Company until the further order of the court; and the court appointed a referee to hear and examine into the matter of the title to the land, and the money awarded therefor, and to report the proofs, with his opinion, to the court.

Upon the hearing before the referee, Grinnell, Dalley, and the city appeared. It does not appear that the city made any claim before the referee to the money; and the litigation there seems to have been confined to Grinnell and Dalley, both claiming to have owned the land, and both claiming the money. Grinnell claimed the land by deed from an acknowledged owner, and Dalley claimed title by adverse possession. The referee reported in favor of Grinnell. A motion was then made at Special Term to confirm such report, and the court refused to confirm the same, and made an order that the money be paid to Dalley.

Grinnell alone then appealed to the General Term of the Supreme Court, and there the order of the Special Term was reversed, and the court decided that neither Grinnell nor Dalley was entitled to the money but that the city was entitled to the same, and it was ordered to be refunded to the city. From the order of the General Term both Grinnell and Dalley appealed to this court.

The award of the commissioners of estimate and assessment is required by the statutes to be confirmed by the

Supreme Court, and when so confirmed is made final and conclusive, both upon the city and the owners of the land taken. (Laws of 1813, chap. 86, § 113 ; Laws of 1865, chap. 565 ; Laws of 1862, chap. 483.) Under the statute of 1813 there is ample opportunity for the correction of all mistakes of law and fact, and unless they are corrected in the proceedings before confirmation, all parties interested are precluded from complaining of them. The award after confirmation becomes in the nature of a judgment which cannot be assailed collaterally. It is as final and conclusive upon all parties as a judgment. (*Matter of Commissioners Central Park*, 50 N. Y., 493; *In re Arnold*, 60 id., 26; *Dolan* v. *The Mayor*, 62 id., 472; *Pittman* v. *The Mayor*, 62 N. Y., 637.)

It matters not whether the " unknown owners " owned simply the fee of the land taken, subject to a public easement, or whether they owned the fee absolutely free from any easement. The amount awarded must be taken to have been made for the interest of the unknown owners, whatever it was. If it was too great the city should have moved to correct it before confirmation of the award.

The sole question before the court upon this application was to determine who the unknown owner of this land was, and when he was ascertained he was entitled to the money just as if he had been known and the award had been to him by name.

Who, then, owned this land ? It is conceded that Dennis Harris formerly owned it. He died, leaving a will in which he devised all his real estate to Sarah Harris, and she gave a deed, dated November 13, 1868, purporting to convey this land to Grinnell, and he thus obtained the title, unless Dalley acquired title as now to be mentioned. Dalley was the son-in-law of Dennis Harris, and in 1851 he made with Harris a parol agreement for the purchase of the land lying between 158th and 157th streets, and bounded westerly by Eleventh avenue. These streets had not been opened as such, but they had been laid down upon maps as such and were known

as streets.  He paid a small amount of money towards the purchase-price, and entered into possession of the land as early as April, 1852.  At that time this land was fenced, the fence on the southerly side of the land being in and along the center of 157th street.  On the 9th day of December, 1853, he took a deed of the land from Harris and gave back to him a bond and mortgage for the balance of the purchase-price.  In this deed the land was bounded southerly by the northerly side of 157th street; and it is the land between this line and the center line of the street that is now in question. After this deed, as before, the fence remained along the center of 157th street, and Dalley remained in possession of the land.  Dalley had thus been in possession of the land more than twenty years before it was taken in this proceeding, but less than twenty years after he took his deed.  During all this time he was in no way disturbed in his possession, which was open and notorious, and his right to the possession was in no way questioned except as may be inferred from the conveyance of the very land in question by Sarah Harris in December, 1868.  From these circumstances Dalley claimed that he had by adverse possession the title to this land.

But Dalley entered into possession under Harris.  Whatever he possessed was clearly under his parol agreement to purchase.  He did not claim the land in hostility to Harris, but all he claimed and all he could claim was such a right as his agreement gave him.  It is too well settled to be disputed, that one who enters upon land under a mere agreement to purchase does not hold adversely as against the vendor until his agreement has been fully performed, so that he has become entitled to a conveyance.  (*Jackson* v. *Johnson*, 5 Cow. 74; *Jackson* v. *Spear*, 7 Wend., 401; *Briggs* v. *Prosser*, 14 id., 227 ; *Devyr* v. *Schaefer*, 55 N. Y., 446.) The adverse possession of Dalley, therefore, did not commence to run prior to December 9, 1853, when he took his deed from Harris; and even if the facts were sufficient to show adverse possession after that, it was short of twenty years.

The deed to Grinnell was not void for champerty, because Dalley was not in possession of this land under any specific title. (*Crary* v. *Goodman*, 22 N. Y., 175.)

. It follows from these views that the order of the General and Special Terms must be reversed, and the report of the referee must be confirmed, and an order entered directing the payment of the money to Grinnell, with costs to be paid by the city of New York.

All concur.

Ordered accordingly.