### CROSS *et al.* v. MOWERS.

*(Supreme Court, General Term, Third Department.* May 17, 1888.)

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

  A judgment will not be disturbed on appeal where the evidence is conflicting, and the issues were properly submitted to the jury under a charge eminently fair, and to which neither party excepted.

Appeal from circuit court, Schoharie county; R. W. PECKHAM, Justice.

Action by Cyrus Cross and Celistia Cross against Jonas Mowers for trespass on land claimed by both parties. Judgment for defendant, and plaintiffs appeal.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*E. M. Mayham,* for appellants.    *William C. Lamont,* for respondent.

INGALLS, J. This action was commenced in justice's court by the plaintiffs to recover of defendant damages for wrongfully entering upon the premises of the plaintiffs, and cutting and carrying away a quantity of hay. The defendant interposed an answer, setting up title in himself to the premises; and the action was discontinued in that court, and subsequently commenced in this court. Upon the trial at the circuit, the disposition of the cause involved substantially the determination of questions of fact which were submitted to the jury, and upon which they rendered their verdict in favor of the defendant. The justice at the trial refused to set aside the verdict, and the plaintiffs have appealed from the order, and from the judgment entered herein. The plaintiffs derived their title to the premises by deed from James Cross, executed April 1, 1879. James Cross acquired whatever title he pos-

sessed from two sources: One parcel he held under a deed from Calvin Walker and wife, and dated April 3, 1875; the other, under a pretended parol agreement entered into between James Cross, plaintiffs' grantor, and Robert and Lorenzo Stewart, by the terms of which the said James Cross agreed to convey to the Stewarts certain water-rights in exchange for one of the parcels of land in question; that subsequently the Stewarts sold their premises, consisting of a mill and water privilege and land, to John H. O'Neil and others, and the plaintiffs claim that, at the request of the Stewarts, the said James Cross conveyed the water-rights to the O'Neils, from whom James Cross was to receive a deed of the said parcel of land; that owing to want of time, on the day the parties met to make the conveyances, the deed was not executed to James Cross, but its execution was postponed to a future day, but was never executed. The plaintiffs endeavored to establish at the trial that James Cross took possession of that parcel of land under such agreement, and occupied the same, claiming title thereto; that the plaintiffs, after the conveyance to them by James Cross, went into the possession of such parcel of land, and occupied the same under such conveyance. The defendant, by the introduction of sundry conveyances, claims to have traced his title back to the Stewarts. It would seem, from the facts, that both parties claim title to this parcel of land from the Stewarts as the common source of title. The evidence shows that the O'Neils removed from the state without executing a deed to James Cross, and no trace of the deed which James Cross claims to have executed to the O'Neils has been discovered. The defendant testified: "I have lived in Barnesville nearly forty years, and I knew the premises embraced in that deed. I knew them when Riley owned them. When I took my deed, I had no knowledge or suspicion that anybody in the world made any claim to those premises other than James Baker. I paid the full consideration mentioned in the deed, and entered into possession of the premises soon after I took my deed." The claim of Baker was under a mortgage which the defendant paid. There was produced, upon the trial, considerable evidence bearing upon the character of the possession and occupancy of that parcel of land; and also upon the question, raised at the trial, as to whether any part of the hay was cut by the defendant upon the Walker lot, so called, which was embraced in the deed from James Cross to the plaintiffs. There was still another inquiry at the time,—whether the hay in question was cut and removed before the 1st of April, 1879, which was the date of the conveyance to plaintiffs. Upon all of said questions the evidence was conflicting, and was properly submitted to the jury for their determination, under a charge eminently fair, and to which neither party took exception.

The plaintiffs claimed at the trial that the conveyance to the defendant of this parcel of land was void, under the statute against champerty, for the reason that the premises were, at the time the deed was executed, in the actual possession and occupancy of James Cross, and that such occupancy was so open and notorious that the defendant should have taken notice thereof; and consequently the deed which the defendant received was void, and conveyed to him no title as against the plaintiffs, or their grantor. The following adjudications declare what the law requires to render a possession adverse, so that a deed accepted in the face thereof will be void under said statute: *Crary* v. *Goodman*, 22 N. Y. 170; *Thurman* v. *Cameron*, 24 Wend. 87; *In re Parks*, 73 N. Y. 560; *Dawley* v. *Brown*, 79 N. Y. 391. In the case last referred to, Judge RAPALLO, at page 396, remarks: "An actual and not a constructive adverse possession is required by the statute to avoid a deed. * * * To render a deed void under the statute, it must appear that, at the time of the delivery thereof, the lands were in the actual possession of a person claiming under a title adverse to the grantor." The learned justice in his charge instructed the jury in regard to the law which must govern them, and, so far as the case shows, no complaint was made by counsel on either side to the

charge in that respect. The jury were further instructed as follows: "But I can simply leave it to you as a question of fact to say whether there was, on this evidence, such a possession as would give an ordinary man, of ordinary care and caution, notice of the existence of a disputed claim, or notice of a claim on the part of the plaintiffs, or their grantor, that they claimed to be in the possession of these premises at the time Mr. Mowers took his deed." This proposition submitted to the jury a question of fact, to be determined by them in the light of all the evidence produced at the trial upon that question. The evidence was conflicting, and certainly it does not, as disclosed by the printed case, preponderate in favor of the plaintiffs, upon that question, to an extent which would justify this court in reversing the determination of the jury. Assuming the finding of fact by the jury in this respect to be justified by the evidence, it would seem to follow that the possession of the land by James Cross, the plaintiff's grantor, at the time the defendant took the deed under which he claims title, was not such as to render the defendant's deed void under said statute. The evidence was conflicting upon the other questions of fact to which we have referred, and which were material in the determination of the rights of the parties to this controversy. An examination of the evidence has led us to the conclusion that the verdict of the jury should not be disturbed by this court. *Cheney* v. *Railroad Co.*, 16 Hun, 415. The judgment and order must therefore be affirmed, with costs.