## BRUMFIELD v. HILL et al.

*(Supreme Court, General Term, Fourth Department.* November, 1889.)

1. APPEAL—WHAT REVIEWABLE.

Under Code Civil Proc. N. Y. § 1301, which provides that when an appeal is from a final judgment, and the appellant intends to bring up for review an interlocutory judgment or intermediate order, he must distinctly specify in his notice of appeal the interlocutory judgment or intermediate order intended to be reviewed; and section 1316, providing that an appeal from a final judgment brings up for review an interlocutory judgment or intermediate order which is specified in the notice of appeal, and necessarily affects the final judgment, and which has not already been reviewed on a separate appeal,—an order denying a new trial on the minutes, if specified in the notice of appeal as appealed from, will be reviewed in connection with the appeal from the final judgment.

2. SAME—REVIEW OF EVIDENCE.

The jury may disbelieve the evidence of a party to an action, or his managing agent, though uncontradicted and unimpeached. Following *Dean* v. *Van Nostrand*, 4 N. E. Rep. 134.

3. SAME.

When there is some evidence to support a verdict on all the questions of fact, the judgment will not be reversed on the ground of insufficiency of evidence.

Appeal from circuit court, Onondaga county.

Action by Jennie F. Brumfield against William H. Hill and others to recover damages for taking plaintiff's goods. Verdict and judgment for plaintiff, and defendants appeal. The notice of appeal contains the following language: "The appellants intend to bring up for review, upon such appeal, said judgment, and order denying a motion for a new trial on the minutes."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Tracy, McLennan & Ayling,* for appellants. *Goodelle & Nottingham,* for respondent.

HARDIN, P. J. It is insisted by the respondent that the order denying defendants' motion for a new trial upon the minutes cannot be reviewed upon this appeal from the judgment. We think the objection to the sufficiency of the notice comes too late. In *Boos* v. *Insurance Co.*, 64 N. Y. 236, it was held that after a trial by a jury "the only mode in which the facts can be brought before it for review is by appeal from order of special term or circuit granting or refusing a new trial." In that case, there was only an appeal from a judgment, and the court observed, viz.: "The motion for a new trial is a proceeding subsequent to the trial, and the order made on such motion is reviewable only by appeal." Section 1301 of the Code of Civil Procedure provides that "where the appeal is from a final judgment, * * * and the appellant intends to bring up, for review thereupon, an interlocutory judgment or an intermediate order, he must, in the notice of appeal, distinctly specify the interlocutory judgment or intermediate order to be reviewed." Mr. Throop, in his comment upon that section, says that it is new in form, but that the substance of it was implied in the language of the Code of Procedure, in section 330. In section 1316 of the Code of Civil Procedure it is provided: "An appeal taken from a final judgment brings up for review an interlocutory judgment or an intermediate order which is specified in the notice of appeal, and necessarily affects the final judgment, and which has not already been reviewed, upon a separate appeal therefrom, by the court, or the term of the court, to which the appeal from the final judgment is taken." In the case before us, it does not appear that the order has already been reviewed "upon a separate appeal therefrom;" and the notice of appeal does not specify the order denying a new trial made upon the minutes of the judge, and the appeal book contains such an order. Hence we are of the opinion that we should consider the order. *Moorehead* v. *Holden*, 7 Civ. Proc. R. 190; *Maas* v. *Ellis*, 12 Civ. Proc. R. 323. We assumed this to be the rule in *Halsey* v.

*Railroad Co.*, 12 N. Y. St. Rep. 319; *Piper* v. *Van Buren*, 27 Hun, 384, and also in *Stowell* v. *Association*, 5 N. Y. Supp. 233. Section 1347 expressly authorizes an appeal from an order, "where it grants or refuses a new trial." When there is a notice of appeal from such an order, independent from an appeal from a judgment, undoubtedly the notice of appeal should be "a written notice, to the effect that the appellants appeal from the * * * order, or from a part thereof," in accordance with the provisions found in section 1300 of the Code of Civil Procedure; and, where the appeal is from a judgment, and also from an order which grants or refuses a new trial, like language, in the notice of appeal from the judgment, might appropriately be inserted in the notice in respect to the order sought to be reviewed. However, at this stage of the case, we think we may consider the words inserted in the notice of appeal, indicating an intention to bring up for review the order refusing a new trial made upon the judge's minutes, as sufficient.

We have looked carefully through the evidence in this case, and find that it was conflicting upon the pivotal question. If the plaintiff consented that the defendants' agent should take possession of the goods, box them, and ship them to the defendants, as they were taken and shipped, she had no cause of action against the defendants. She gave evidence to support the assertion that she never consented to part with the possession or title to goods in question. On the other hand, the defendants gave evidence tending to show that she was informed of the purpose of the agent of the defendants to take possession of the goods, and that she consented thereto, and acquiesced in his packing up the goods, boxing them, shipping them; and that she did not forbid any acts of his in the premises; and that a demand of the goods was never made of the defendants. If we were at liberty to believe the testimony of the witness Stone, given in behalf of the defendants, in support of the facts we have just stated, as well as the others that appear favorable to the defendants, we should unhesitatingly hold that the verdict was contrary to the truth upon the main question of fact. However, according to an annunciation of the court of appeals in *Dean* v. *Van Nostrand*, 4 N. E. Rep. 134, the jury were at liberty to believe or disbelieve the testimony of the witness Stone. In the case just referred to, that court held that the jury is at liberty to disbelieve the evidence of a party defendant, or his managing agent, although uncontradicted, and although the witness is not impeached. In *Bostwick* v. *Barlow*, 14 Hun, 178, GILBERT, J., said: "We have no right, on this appeal, to reverse the judgment because the evidence is insufficient to sustain the verdict. There is some evidence on all the questions of fact, and the jury have found that it is sufficient. That is conclusive. To reverse upon the facts, when the trial was by jury, there must be an absence of any evidence to sustain the verdict." He cites in support of his language *Godfrey* v. *Moser*, 66 N. Y. 252; and the language used by the court in that case was as follows in respect to the verdict of the jury. It was said: "The right of reviewing the facts is not conferred; and, to reverse upon the facts, there must be an absence of any evidence to sustain the verdict." The rule was adverted to, and adhered to, in *Cross* v. *Mowers*, 1 N. Y. Supp. 341; and it was again asserted in *Chase* v. *Belding*, Id. 48, and it was there said that, to justify an appellate court in setting aside the verdict as against the weight of the evidence, there must be a preponderance of the evidence in favor of the appellant. See *Baird* v. *Mayor*, 96 N. Y. 567. Now, if we assume that the jury disbelieved, as we have seen they were authorized to, under the rule of law we have quoted, the testimony of the witness Jones, we do not find such a preponderance of evidence as, under the rule quoted from the cases already cited, authorizes an interference with the verdict. While there are some circumstances disclosed in the testimony which would warrant us in saying that the position of the plaintiff was presumptious, if not preposterous, we are called upon to weigh those circumstances in connection with the whole evidence;

and, while doing so, we must bear in mind that some of the facts and circumstances relied upon by the plaintiff would warrant a reasonable mind in coming to the conclusion that her testimony was truthful when she says that she never gave her assent to part with the possession or the title to the goods in question. After a careful deliberation upon all the evidence in the case, we are constrained to allow the verdict to stand. The trial judge submitted the question of fact cautiously and deliberately to the jury. We have looked at his rulings during the trial, and the exceptions taken thereto, and we are of the opinion that the exceptions are unavailing to the appellants. As to the rule allowing an inventory of goods to be put in evidence, we think *Howard v. McDonough*, 77 N. Y. 592, upholds it. We must therefore allow the verdict, order, and judgment to stand. Judgment and order affirmed, with costs.

All concur.