# Cases

# FIRST DEPARTMENT

AT

# GENERAL TERM

### December, 1891.

---

ROSEANNA CASSIDY, Plaintiff, *v.* THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW
YORK, Defendant.

*Municipal corporations — lis pendens — how far it is notice to a city not to pay an*
*award — ratification — election of remedies — construction of chapter* 86, *Laws*
*of* 1813, *sections* 183, 184.

In an action, brought in 1888, to recover an award, in proceedings to acquire land
by the exercise of the right of eminent domain, made by the city of New York
for damages to leasehold property, it appeared that on May 3, 1883, the plaintiff
began an action against certain persons, including one Kennedy, to recover
possession of the premises in question, and on that day filed a *lis pendens*
describing them.

In 1880 the city took the proceedings to condemn the property in question. An
award was made in 1884 to one Astor, who owned the fee, and also to Kennedy,
for damage to the building. In February, 1885, the latter award was paid by
the city to Kennedy, who was in possession.

In January, 1886, an interlocutory judgment was entered in the action, begun by
the plaintiff against Kennedy and others, awarding possession to the former, and,
among other things, directing Kennedy to account before a referee for any moneys
received by him by way of damages to the property, resulting from the taking
of it, or any part of it, during the pendency of the action, by the city of New
York, for public uses. Final judgment upon the report of the referee was sub-
sequently entered. This awarded her a money judgment against Kennedy,
upon which execution was issued and returned unsatisfied.

*Held*, that, in the absence of actual notice, the filing of the *lis pendens* in the action of the plaintiff against Kennedy and others was not notice to the city of the plaintiff's claim to the award, and that the city was protected in paying it to Kennedy.

That the action of the plaintiff against Kennedy, in which she sought to recover the award, was a ratification of the city's payment to him, and legalized it as between her and the city.

*Semble*, that where, under chapter 86 of the Laws of 1813, commissioners have made an award to a specific person, the city is not bound to pay the award to that person and thus leave the true owner to his action against such person. (Per VAN BRUNT, P. J., and DANIELS, J.)

*Semble*, that the ascertainment of the person entitled to damages in said proceedings is incidental, and not final; and that if, after notice of a claim to an award, the city should pay it to another than the claimant it would do so at its peril, as regards such claim. (Per VAN BRUNT, P. J., and DANIELS, J.)

*Matter of Department of Parks* (73 N. Y., 560) explained.

EXCEPTIONS of the defendant, the Mayor, Aldermen and Commonalty of the City of New York, directed to be heard in the first instance at General Term, taken upon a trial had at the New York Circuit before the court and a jury, at which trial the plaintiff recovered a verdict for $1,066.65.

The plaintiff, on May 3, 1883, began an action, as an individual and as administratrix, with the will annexed, of William McKenna, against one James C. Kennedy and other persons, to set aside transfers of the premises in question made to Kennedy by the other defendants. She filed a *lis pendens* therein on May 4, 1883. Kennedy was then in possession. The fee was owned by William B. Astor, who, in 1880, had leased it to Kennedy. In 1880 the city took proceedings to open a street, and the report of the commissioners of estimate and assessment was made in July, 1884. An award was made to Astor and to Kennedy; $900 was awarded for damage to a party-wall. On February 4, 1885, this award was paid to Kennedy.

The action, begun by the plaintiff against Kennedy and others, was tried in January, 1886, and an interlocutory judgment was entered, which was in part as follows :

That the defendant, James C. Kennedy, deliver to the plaintiff forthwith the possession of said lot No. 298 (also designated by the street number 429 West Thirteenth street, New York), with the buildings and appurtenances thereto belonging ; and in case possession of the said premises cannot be delivered by reason of the same

or any part thereof having been taken for public uses by the city of New York during the pendency of this action, or for any other reason, then the said defendants shall respectively account to the plaintiff for any and all moneys received by them by way of damages to said property, or for taking of the same or otherwise.

And it is further ordered and adjudged that it be referred to John J. Townsend, Jr., Esq., counselor-at-law, of the city of New York, who is hereby appointed referee, to take an account of the rents and profits of the said premises, as above provided, and of all moneys or other things of value received by the defendants, or any of them, by the sale or transfer of said premises, or any part of said premises, or for damages by reason of the taking of said property, or of any part thereof, by the city of New York for public uses or otherwise; and to ascertain and determine the amount due from said defendants to the plaintiff by reason of the matters aforesaid, and to report the same to the court with all convenient speed.

A final judgment was entered thereon in which the plaintiff recovered judgment against Kennedy for $5,509.61. An execution issued thereon was returned unsatisfied.

*J. C. Foley,* for the plaintiff.

*C. W. Ridgway,* for the defendant.

VAN BRUNT, P. J.:

While concurring in the result arrived at by Mr. Justice INGRAHAM in this case, it seems necesssary to notice that part of the opinion in which it is claimed that it is decided by the Court of Appeals in the *Matter of Department of Parks* (73 N. Y., 560), that where the commissioners have made an award distinctly to one person in proceedings under the act of 1813, chapter 86 (2 R. L., 342), and cases to which the provisions of that act are made applicable, the city is bound absolutely to pay the award to the person to whom the award is made, leaving any other person claiming title to the property condemned and to the award, to their action against the party to whom the award is made.

Upon reference to the case cited it will be seen that the court in speaking of the final and conclusive character of the award was referring to the interest condemned and its value, and to those features only.

The court says : " The award of the commissioners of estimate and assessment is required, by the statutes, to be confirmed by the Supreme Court, and when so confirmed is made final and conclusive both upon the city and the owners of the land taken. * * * Under the statute of 1813, there is ample opportunity for the correction of all mistakes of law and fact, and unless they are corrected in the proceedings before confirmation all parties interested are precluded from complaining of them. The award after confirmation becomes in the nature of a judgment which cannot be assailed collaterally. It is as final and conclusive upon all parties as a judgment." The court further says : " The amount awarded must be taken to have been made for the interest of the unknown owners, whatever it was. If it was too great, the city should have moved to correct it before confirmation of the award."

The sole question before the court upon that application was to determine who the unknown owner of the land was, and when that was determined he was entitled to the money just as if he had been known, and the award had been to him by name. It is immaterial whether he owned an absolute fee or a fee subject to a public easement. The amount awarded must be taken to have been made for his interest, whatever it was. That seems to have been the question which was adjudicated upon in the case cited, and nothing more. Furthermore, the court could not have intended to hold that the report of the commissioners was final and conclusive upon the city in view of the provisions of section 183 of the act of 1813, by which it was provided that : " The respective person or persons, or party or parties, in whose favor the same (the awards) shall be so reported, his, her or their executors, administrators or successors, at any time or times, after application first made by him, her or them to * * * may sue for and recover the same, with lawful interest from and after the said application therefor, and the costs of suit, in any proper form of action against the said mayor, * * * in any court having cognizance thereof, and in which it shall be sufficient to declare generally for so much money due to the plaintiff or plaintiffs therein, by virtue of this act, for premises taken for the purposes herein mentioned, and it shall be lawful for the plaintiff or plaintiffs to give any special matter in

evidence under such general declaration; and this act and the report of said commissioners, with proof of the right and title of the plaintiff or plaintiffs to the sum or sums demanded, shall be conclusive evidence in such suit or action."

It is clear that, if the report was to be conclusive as to the person named, the legislature would not have provided that the report, *with proof of the right and title of the plaintiff* or plaintiffs to the sum or sums demanded, shall be conclusive evidence in such action. If the report itself was conclusive upon the point of ownership, it would clearly not have been deemed necessary that proof thereof should be offered upon the part of the plaintiff.

This view is further emphasized by section 184 of the same act, which provides that : "Where any such sum or sums, or compensation so to be reported by the said commissioners in favor of any person or persons, or party or parties whatsoever, whether named or not named in the said report, shall be paid to any person or persons, or party or parties whomsoever, when the same shall, of right, belong and ought to have been paid to some other person or persons, or party or parties, it shall be lawful for the person or persons, or party or parties, to whom the same ought to have been paid, to sue for and recover the same, with lawful interest and costs of suit, as so much money had and received to his, her or their use, by the person or persons, party or parties, respectively, to whom the same shall have been so paid."

Here the right of the real owner to recover the award, even after it has been paid to the persons named in the report, is distinctly recognized. How much more would he have the right to recover before any payment to the person named in the report was made?

This is the construction put upon this section of the act of 1813 by the Court of Appeals in the case of *Spears* v. *The Mayor* (87 N. Y., 359).

In that case an award had been made to one Matthews, as mortgagee, after another claimant, of the amount of the award, had commenced an action in equity to restrain the defendant, the city, from paying the award to Matthews, and to establish the plaintiff's claim thereto. After the commencement of this action Matthews sued the city to recover, as mortgagee, the amount of the award. The city made default, and judgment for the full amount was entered

against it, which it paid; it claiming that, by virtue of the particular act then under consideration and various provisions of the statutes in relation to the opening of streets and avenues, the plaintiffs could not maintain their action.

It was held by the Court of Appeals that under these provisions the ascertainment of the person entitled to damages was incidental and the report of the commissioners was not conclusive in regard thereto, and that the payment by the city after notice was at its peril; and the learned judge who wrote the opinion, being the same who wrote the opinion in the case first cited, uses the following language: "Under these provisions of law, the contention on the part of the appellants is that the report of the commissioners was so far conclusive, as to the person entitled to the award, that the city was obliged to pay the same to Matthews, and that the only remedy of the plaintiff's was to recover the amount thereof of Matthews after payment to him. Our attention has been called to no decision giving such a construction to these provisions of law. The main purpose of the appointment of commissioners was to have the damages in consequence of lands taken for street improvements appraised and the amount thereof assessed as directed by law, and for that purpose their report, when confirmed, unless vacated or set aside by some direct proceeding, was declared final and conclusive. The ascertainment of the names of the persons whose lands were taken, or to whom damages were to be paid, was merely incidental to the main purpose, and was for subsequent guidance of the city authorities and the protection of the city. The very terms in which the provisions of the law are expressed show that the report was not to be conclusive as to the persons entitled to the damages awarded, because it is provided in section 184, that even after payment to the person named in the award, the rightful claimant of the damages may recover them of the person thus paid; and in section 183 it is provided that before the person named in the award can recover the amount thereof of the city, he must prove not only the report of the commissioners, but his right and title to receive the same; hence, as we construe that section in the suit by Matthews against the city for this award, if the city had defended, he would have been obliged to prove his right and title to the award, and he could have been defeated by proof that these plaintiffs were entitled

to receive payment thereof. It is undoubtedly true that the city would be justified to pay the person named in the award unless it had received notice of an adverse claim. After such notice, and certainly after suit commenced for the award by a person not named in the report as entitled thereto, the city would pay to the person named therein at its peril. This construction of the statutes can lead to no serious embarrassment of the city in paying such awards, because, in the case of conflicting claims known to it, it can compel an interpleader, and thus relieve itself from embarrassment or double responsibility. The construction contended for would operate unjustly upon persons situated like these plaintiffs.

" They could not sue the city, and they might not be able to compel the city to pay to the person named in the award, and they thus might be compelled to wait an indefinite time until the person named in the award should choose to compel payment to him ; and after such payment the only security they would have for their damages would be the personal responsibility of such person.

" Here the plaintiffs were, in fact, entitled to the award made. They had a double remedy ; before payment by the city to Matthews they could sue the city ; after payment to Matthews they could sue him."

The claim upon the part of the plaintiff that the filing of the notice of *lis pendens* in the action brought by her against Kennedy in respect to this property was notice to the city cannot be maintained, because it is well settled that, even if a deed has been recorded (and certainly a *lis pendens* is no greater notice than a deed), the payment by the city in good faith to the party named in the report as the owner will protect the city against the true owner.

It is only when actual notice is given to the city that it has any reason to refuse to pay to the party named in the report.

It would seem, also, that the plaintiff having elected to call Kennedy to account for the money which he had received, she is deprived from pursuing any remedy she might have had against the city.

The criticism passed upon the case of *Fowler* v. *Bowery Savings Bank* (113 N. Y., 455) by the counsel for the plaintiff does not seem to distinguish it in principle from the case at bar.

The exceptions, therefore, should be sustained and a new trial ordered, with costs to defendant to abide event.

Daniels, J., concurred.

Ingraham, J. :

There are two objections which are fatal to plaintiff's recovery in this action.

Upon the confirmation by the Supreme Court of the report of the commissioners of estimate and assessment, relative to the opening of the street mentioned in the complaint, the order confirming such report became a judgment pronounced on a full hearing of the parties and conclusive in its character as to all questions litigated or which might have been litigated in the proceedings.   (*Dolan* v. *The Mayor, etc.,* 62 N. Y., 475.)   And this principle has many times been reaffirmed by the Court of Appeals.   The last case is *Donnelly* v. *The City of Brooklyn* (121 N. Y., 17).   It is a little difficult to see why the confirmation of the report is not conclusive between the owner of the property and the municipal corporation as to the person to whom the award is payable.

By section 970 of the consolidation act, the commissioners were required to make a just and equitable estimate and assessment of the loss and damage, if any, over and above the benefit and advantage or of the benefit and advantage over and above the loss and damage, as the case may be, to the respective owners, lessees, parties and persons respectively entitled to or interested in the lands, tenements, etc., required for the improvement.   Such owners, lessees, parties and persons respectively entitled to or interested in the lands, tenements, etc., are parties to the proceedings; they have the right to appear before the commissioners and before the court, and the commissioners and the court have power to correct any error in the report; and upon the report being confirmed it is conceded to be conclusive as to the amount of the damages awarded, and as to the amount of the assessment for benefit.

The ownership of such lands and tenements was a question that could have been litigated before the commissioners and before the court; and when the commissioners report that an individual is entitled to the award, as such owner, and such report is confirmed by the court, I do not see any reason why such an adjudication is not

as conclusive, as between the owner of the property and the defendant, as any other adjudication necessarily involved in the proceeding.

Such an adjudication is not conclusive as between claimants to the fund, for, by section 184 of the act of 1813, re-enacted in section 993 of the consolidation act, it was expressly provided that where the sum reported by said commissioners in favor of any person or persons, whether named or not in such report, shall be paid to any person when the same shall, of right, belong to some other person, it shall be lawful for the person to whom the same ought to have been paid to sue for and recover the same as so much money had and received to his or their use by the person or persons, respectively, to whom the same shall have been so paid; but, as between the owner of the property and the defendant, one of the questions upon which the commissioners were to report, and which the court, by its order confirming the report adjudicated upon, was the individual to whom the award should be paid.

In the case of *Spears* v. *The Mayor* (87 N. Y., 372) the Court of Appeals held that the final order was not conclusive as to the persons entitled to the damages awarded. At page 374, however, the court say : "If the commissioners had made the award distinctly to Matthews for his mortgage interest, then no other person could have claimed such award, and the city would have been absolutely bound to pay him upon principles laid down in the *Matter of Department of Parks* (73 N. Y., 560)."

In that case the rule is stated as follows : "Under the statute of 1813 there is ample opportunity for the correction of all mistakes of law and fact, and unless they are corrected in the proceedings before confirmation all parties interested are precluded from complaining of them. The award, after confirmation, becomes in the nature of a judgment which cannot be assailed collaterally. It is as final and conclusive upon all parties as a judgment."

In this case the award of the commissioners was to James C. Kennedy for the party-wall, $900, and it is for that award that the plaintiff seeks to recover. It would seem, therefore, that such an award, made by the commissioners to Kennedy for his interest in a party-wall, comes within the rule as stated in *Spears* v. *The Mayor* (*supra*), that no other person could claim it, and the city was bound absolutely to pay it to him. But whether that is so or not, it is clear

that the city would be justified in paying Kennedy, unless it had received a notice of an adverse claim to the fund. (See *Spears* v. *The Mayor*, *supra*.)

The evidence is that the city did pay Kennedy the amount of the award, and unless, at the time of such payment, the city actually had notice of the adverse claim, the city was protected by such payment and the plaintiff cannot recover.

It is not claimed that any express notice was given to the city, but it appeared that prior to such payment plaintiff had commenced an action against Kennedy claiming the title to the property, and had filed a *lis pendens*, and it is claimed on behalf of plaintiff that the filing of such *lis pendens* was a notice to the city that she claimed this award.

I do not think that the notice of *lis pendens* was a notice to the city of the adverse claim. On the confirmation of the report the title of the property taken for the improvement vested in the city, and the city became bound to pay to the person named, as the owner of the property, the amount awarded as the value of the property taken, and such obligation of the city became a right of action which vested in the person named as such owner. No specific fund was set apart as belonging to the owner of the property, the title to which vested in such owner.

The plaintiff was, in contemplation of law, a party to the proceedings, and her *lis pendens* was subject to the judgment in that proceeding.

The city was, therefore, justified in assuming that the direction of the court directing the money to be paid to Kennedy was, as between plaintiff and defendant, a protection for the payment of such money, notwithstanding any prior claim or general notice that the plaintiff had given that she claimed an interest in the property, and that any claim that would entitle the plaintiff to the award, made before the adjudication, had been determined by the order of the court confirming the report of the commissioners adversely to the plaintiff.

I am also of the opinion that the action of the plaintiff in seeking to recover from Kennedy the amount paid to him by the city was a ratification of such payment, and legalized it as between plaintiff and the city. The action given to the plaintiff against the

person to whom the payment had been made was, by the statute, declared to be an action for money had and received. Such an action depends upon the receipt by the defendant of money belonging to the plaintiff, and when plaintiff sought to recover such money from Kennedy it legalized the payment by the city to Kennedy, thus discharging the city.

The plaintiff could not occupy the position of claiming that the city had paid her money to Kennedy, and obtaining a judgment against Kennedy for such money, and at the same time claim that the city was still her debtor and owed money to her. (See *Fowler* v. *Bowery Savings Bank*, 113 N. Y., 455.) Where the court say : " But if a trustee is bound to pay money to a beneficiary as a debt due from him to the beneficiary, then if he makes payment to another person he has not paid the debt, and the money paid is not, in fact, the property of the beneficiary. In such case the beneficiary may ignore the payment and sue the trustee as his debtor, or he may ratify and adopt the payment and sue the person receiving the money as his debtor, but he cannot do both. There is, in such a case, a breach of trust or not, as he may elect, and his election once effectually made, is conclusive forever."

In this case the defendant was upon the confirmation of the report liable to pay to the owner of the property the award made by the commissioners; that money was paid to Kennedy. Assuming that plaintiff's position is correct, that she then had a cause of action against the city for the amount of the award as owner of the property, she could either sue the city, disregarding the payment to Kennedy, or sue Kennedy, affirming that her money had been paid to Kennedy by the city.

She made her election to sue Kennedy and obtained against him a judgment for the amount paid by the city to him, and by such action ratified that payment by the city as a payment on her account.

I think, therefore, that plaintiff, upon the facts proved, was not entitled to recover, and that the exceptions must be sustained and a new trial ordered, with costs to defendant to abide the event.

Daniels, J., concurred in the result.

Exceptions sustained and new trial ordered, with costs to defendant to abide event.