BARTLETT, J.
By the judgment in this action, the plaintiff lias established his right to the possession of a strip of land near Union Station, in the county of Rockland, occupied for railroad purposes by the defendant. The sufficiency of the proof of the plaintiff’s title is not questioned, except so far as the defendant ■claims that it is defeated by the evidence of adverse possession. In order to make out the defense of adverse possession, it was necessary to show that the railroad company had been in open, continued, and actual accupation of the premises in controversy for more than twenty years before the commencement of the action; and, furthermore, that such possession had been under a claim of title hostile to that of the plaintiff. The court found that, the defendant and his legal predecessor had been in open, continuous, notorious, and actual possession of the strip of land described in the complaint for more than twenty years, but held, in substance, that such possession was subordinate, instead of ••adverse, to the plaintiff’s title. A mortgage of the railroad property generally was made by the defendant’s predecessor in title on November 1, and recorded on December 30, 1870 The railroad ■company had not then taken possession of the land in controversy. 'The mortgage referred to the mortgaged railroad property “as the same is located by survey duly filed m the office of the clerk of the county of Rockland.” As a matter of fact, no such survey bad then been filed. In June of the following year, however, the railroad company filed in the office of the county clerk a profile and location of its right of w.ay, showing that the railway line was located upon the identical lands described m the complaint.
Upon these facts,, it is contended, in behalf of the appellant, that the mortgage constituted a claim of title to the lands in suit adverse to that of the plaintiff or his predecessors, and of which they must be deemed to have had notice, by reason of the record ■of the instrument. I do not think this position is tenable. No ■one inspecting the mortgage at the time when it was recorded ■would find anything in it to indicate that it could, by any possibility, refer to the premises which are the subject of this suit. It •spoke of a survey as having been already duly filed in the office ■of the county clerk. If the searcher had looked for that survey, he would have looked for it in vain. For the purposes of notice, I do not see on what principle it can be held that the profile, which was filed with the county clerk six months later, referred back to that instrument, so .as to constitute a part of it. A document the récord of which is to give notice at the time of a particular state of facts must contain, either in itself or by reference to *764 other sources of information, some indication of the facts of which notice is to be given. So far as this mortgage referred to the survey, it referred to something which did not exist at the time of its record, or come into existence until long afterwards. The mortgage also purported to convey to the. mortgagees the railroad as the same was being constructed, including the roadway, lands, bridges, rails, embankments, and other superstructures built or being built at the time it was executed. It might be said that this provision was broad enough to cover the premises to which this suit relates, if the railroad company had then entered upon those premises; but the proof, shows that no entry was made upon the land in question until 1871, and probably not until 1872.
But even if a claim of title adverse to that of the record owners could be spelled out of this railroad mortgage and profile, and the filing of the same, the proof in this case shows very clearly that: the railroad company abandoned any such claim when, in the process of construction, the premises in controversy were reached. The civil engineer and surveyor who represented the corporation in acquiring its rights of way, and in negotiating with landowners for that purpose, had a conference with the agent of the lady who then owned this property. He promised to pay her $500 for the-use of the ground if the railroad company was allowed to occupy •it; and it is apparent that -it was on the strength of this promise, and only in consequence thereof, that the construction of the line was permitted over the land in question. The testimony of the-witness who represented the owner in the negotiations is not substantially contradicted by the civil engineer who acted in Behalf' of the railroad company. He himself stated that his business was-to go around and buy land, and that he offered to buy this property if the owners would give him a deed. He could not recollect offering or agreeing to pay anybody a specific sum for this land, but would not swear that he had not done so. There.is other testimony which sustains the statement made by the learned trial judge, in the course of bis opinion, that, “instead of claiming title, the defendant and its predecessors have all along been promising to pay the amount agreed to be paid when let into possession under the license.” Upon the entire evidence as to the circumstances under which the railroad company entered upon the property, it is quite clear that there was either an agreement to purchase for a specifieds sum, or-a simple license to occupy until some terms should be arranged between the parties. In neither case could the occupation be deemed adverse. Where an intending purchaser enters upon land which is the subject of the contract, his possession is deemed subordinate to the rights of the owner until the conditions entitling the buyer to a conveyance have been fully performed. In re Department of Parks, 73 N. Y. 560, 566. If there was a mere license, no adverse possession could arise out of the railroad’s occupancy of the land by permission. Borden v. Railroad Co., 5 Hun, 184, affirmed in 67 N. Y. 588.
Only one other point requires notice. The appellant contends that the plaintiff has been permitted to recover too much land, inasmuch as the evidence shows that it actually occupies a strip *765 only eight feet wide, whereas the strip described in the complaint is sixty-six feet in width. I do not think this objection is available. At the express request of the defendant’s counsel, the trial court found that the defendant and its legal predecessor had been for more than twenty years in actual possession “ of the strip of land described in the complaint. This is a finding, made at the defendant’s own instance, that it was in occupation of the entire parcel which the plaintiff sought to recover. The request was made at the end of the trial, and in the light of all the evidence, .and the appellant has no ground for complaint because the court •complied with it.
The judgment should be affirmed, with costs.
All concur.